HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
JAMES T. TUCKER
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4CON – 8th Floor
150 M St. NE
Washington, DC 20002
Email: Brittany.bennett@usdoj.gov


Attorneys for Plaintiff, UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DR. DALE G. CALDWELL, in his official capacity as LIEUTENANT GOVERNOR and SECRETARY OF STATE of NEW JERSEY,<br><br>Defendant. | COMPLAINT |

## COMPLAINT

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve… *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

8

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and this District is where the Attorney General made her demand for federal election records under Section 303 of the CRA and is where the federal election records are located, as provided by 52 U.S.C. § 20705.

## II. PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendant[1] is responsible for the administration of elections and is the chief election official in accordance with N.J. Stat. Ann. § 19:31-6a.

9. Defendant is sued in his official capacity as the chief election official, who maintains compliance under the CRA, NVRA, and HAVA.

## III. BACKGROUND

10. This proceeding arises from the Attorney General's investigation into New Jersey's compliance with federal election law, particularly the CRA, NVRA, and HAVA.

11. Section 301 of Title III of the CRA, the NVRA, and HAVA require States and other election officers to maintain and preserve certain records and papers relating to registration to voting or other acts requisite to voting in federal elections.

### The National Voter Registration Act

12. The NVRA requires each state to "designate a Secretary of State or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant is the chief election official of the State of New Jersey.

---

[1] Defendant, for all Plaintiff's documents, when in reference to *correspondence only*, refers to the former and current Secretary of State (for the sole purpose of ease for the Court—pertaining to the delineation of which administration received communications/letters from the Department—as the current Secretary maintains the same position on SVRL demand as the former Secretary).

8

13. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

14. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

15. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

16. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a driver's license number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

### The Civil Rights Act of 1960

17. Congress empowered the Attorney General to request federal election records pursuant to Title III of the Civil Rights Act ("CRA"), codified at 52 U.S.C. § 20701-20706.

18. Section 301 of the CRA requires state and local officials to retain and preserve

8

records related to voter registration and other acts requisite to voting in a federal election for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

19. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand is required to "contain a statement of the basis and the purpose thereof." *Id.*

## IV. FACTUAL ALLEGATIONS

20. On July 15, 2025, the Attorney General contacted Defendant seeking information regarding New Jersey's compliance with federal election law. ("July 15 Letter").

21. The July 15 Letter requested New Jersey's statewide voter registration list ("SVRL"), citing HAVA as authority for demanding all fields.

22. The July 15 Letter cited extensive data from the Election Assistance Commission's 2024 Election Administration and Voting Survey ("EAVS"), which compiles state-by-state election statistics pursuant to HAVA.

23. The July 15 Letter noted that New Jersey reported (according to the EAVS report) a registration rate of 94.8 percent, a confirmation notice rate of 6.9 percent (versus a 19.5 percent national average), a duplicate removal rate of 1 percent (versus an 8.1 percent national average) and a general removal rate of 4.3 percent (versus a 9.1 percent national average).

24. On July 29, 2025, Donna Barber, Executive Director for New Jersey Division of Elections emailed confirmation receipt of the July 15 Letter.

25. On August 14, 2025, the Attorney General sent another letter renewing its demand for the SVRL. ("August 14 Letter").

26. The August 14 Letter stated the basis of the demand was the CRA.

27. The August 14 Letter stated that the purpose of the request is to ascertain compliance with the list maintenance requirements of the NVRA and HAVA. The letter also requested that New Jersey's response contain "all fields," including full name, date of birth, address, and driver's license or last four digits of social security number, as required under HAVA to register individuals for federal election. *See* 52 U.S.C. § 21083(a)(5)(A)(i)." *Id*.

28. The August 14 Letter stated that the SVRL and all other federal election records that were produced would be maintained according to all applicable federal laws, including Section 304 of the CRA and the Privacy Act. The August 14 Letter explained to Defendant that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

29. On August 21, 2025, the former New Jersey Attorney General's Office ("NJAG") sent a letter ("August 21 Letter") denying the Attorney General's demand for the SVRL in the August 14 Letter and seeking further clarification on information about the

Attorney General's demand.

30. On December 1, 2025, the NJAG's Office requested a copy of the proposed Memorandum of Understanding ("MOU") that the Attorney General has offered to any state for their consideration. While the MOU is labelled "Confidential," versions of it have been published in various media outlets pursuant to public records requests which were not opposed.

31. On December 1, 2025, the Attorney General emailed a proposed MOU to the NJAG.

32. On December 8, 2025, New Jersey sent a letter ("December 8 Letter") and declined to provide the demanded SVRL, citing state privacy laws. N.J. Stat. Ann. §§ 47:1A-5.3, 47:1A-1.1. The December 8 Letter also requested more information.

33. On December 19, 2025, the Attorney General had a phone call with the NJAG's Office and sent a follow up email memorializing portions of that call ("December 19 Email"). The December 19 Email described the necessity of an unredacted SVRL; provided context for the proposed MOU; referenced publicly available Systems of Records Notices; and gave the Attorney General's position on privacy concerns, basis and purpose requirements, and interagency data sharing.

34. On January 9, 2026, the NJAG sent a letter declining to comply with the Attorney General's demand ("January 9 Letter").

35. On January 26, 2026, a courtesy email was sent to NJAG, to confirm that the new administration did not have a change in position in regards to the demand.

36. On January 30, 2026, the NJAG confirmed that the position had not changed.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

37. The United States restates and incorporates herein the foregoing allegations in this Complaint.

38. Defendant is an "officer of election," as that term is defined in Section 306 of the CRA, 52 U.S.C. § 20706.

39. On August 14, 2025, the Attorney General sent a written demand to Defendant for the production of specific election records pursuant to 52 U.S.C. § 20703.

40. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

41. Defendant has refused to provide the demanded election records.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendant to provide to the Attorney General the current electronic copy of New Jersey's computerized voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their Driver's License number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

C. Order Defendant to produce such other federal election records demanded by the Attorney General to ascertain Defendant's compliance with HAVA and the NVRA;

D. Order such other relief as the interests of justice may require.

DATED: February 26, 2026　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HARMEET K. DHILLON
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Rights Division

　　　　　　　　　　　　　　　　　　　　ROBERT J. KEENAN
　　　　　　　　　　　　　　　　　　　　Acting Deputy Asst. Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Rights Division

　　　　　　　　　　　　　　　　　　　　ERIC V. NEFF
　　　　　　　　　　　　　　　　　　　　Acting Chief
　　　　　　　　　　　　　　　　　　　　Voting Section, Civil Rights Division

　　　　　　　　　　　　　　　　　　　　/s/ *Brittany E. Bennett*
　　　　　　　　　　　　　　　　　　　　BRITTANY E. BENNETT
　　　　　　　　　　　　　　　　　　　　JAMES TUCKER
　　　　　　　　　　　　　　　　　　　　Trial Attorneys, Voting Section
　　　　　　　　　　　　　　　　　　　　Civil Rights Division
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　4 Constitution Square
　　　　　　　　　　　　　　　　　　　　150 M Street NE, 8th Floor
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20002
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 304-2927
　　　　　　　　　　　　　　　　　　　　Email: brittany.bennett@usdoj.gov