**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALE G. CALDWELL, in his official capacity as LIEUTENANT GOVERNOR and SECRETARY OF STATE of NEW JERSEY,<br><br>Defendant. | Case No. 3:26-cv-2025-ZNQ-JTQ |

**DECLARATION OF RAJIV D. PARIKH**
**IN SUPPORT OF MOTION TO INTERVENE**

I, Rajiv D. Parikh, of full age, hereby certify as follows:

1. I am an attorney at law within the State of New Jersey and an attorney duly admitted to practice before the United States District Court for the District of New Jersey.

2. I submit this Declaration pursuant to 28 U.S.C. § 1746 and L. Civ. R. 7.2 in support of the Motion to Intervene as Defendants of Make the Road New Jersey, Jamie Y. Ding, and Danielle Litwak (collectively, "Proposed Intervenors") in the above captioned matter.

3. I am a Partner with the law firm of PEM Law LLP, located at 1 Boland Drive, Suite 101, West Orange, New Jersey 07052. My firm, along with Elias Law Group LLP, serves as counsel for the Proposed Intervenors and I am fully familiar with the facts set forth herein.

4. I will be submitting an application for admission *pro hac vice* for Abha Khanna of Elias Law Group LLP. Ms. Khanna will also represent the Proposed Intervenors in the above-captioned matter.

5. Attached as **Exhibit A** is a Proposed Answer submitted herewith as the requisite proposed pleading under Fed. R. Civ. P. 24(c).

6. Attached as **Exhibit B** is a true and correct copy of the Order Granting Motion for Intervention of Common Cause, Out for Justice, Inc., Carl Snowden, Myriam Paul, and Luis Sims in *United States v. DeMarinis*, No. 25-cv-3934 (D. Md. Feb. 2, 2026), Dkt. No. 38.

7. Attached as **Exhibit C** is a true and correct copy of Order Granting Motion to Intervene as Defendant in *United States v. Nago*, No. 25-cv-522 (D. Haw. Jan. 5, 2026), Dkt. No. 20.

8. Attached as **Exhibit D** is a true and correct copy of the Order granting intervention to four New Hampshire voters in *United States v. Scanlan*, No. 25-cv-371 (D.N.H. Jan. 5, 2026), Dkt. No. 23

9. Attached as **Exhibit E** is a true and correct copy of the Order granting an intervention motion filed by the Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez, and a second intervention motion filed by the League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau. *United States v. Simon*, No. 25-cv-3761 (D. Minn. Jan. 6, 2026), Dkt. No. 90.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 6, 2026

*s/ Rajiv D. Parikh*
Rajiv D. Parikh

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALE G. CALDWELL, in his official capacity as LIEUTENANT GOVERNOR and SECRETARY OF STATE of NEW JERSEY,<br><br>Defendant. | Case No. 3:26-cv-2025-ZNQ-JTQ |

**[PROPOSED] ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 24(c), the Make the Road New Jersey, Jamie Y. Ding, and Danielle Litwak ("Proposed Intervenors") hereby submit this proposed answer Plaintiff's Complaint, Dkt. No. 1, as follows:

1. Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case law and statute contain the quoted text and speak for themselves. Proposed Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required,

Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit the cited case law contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case law contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

## **JURISDICTION AND VENUE**

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this action arises under federal law and that it is brought by the United States as the Plaintiff.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant is located in the District of New Jersey.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the Civil Rights Act of 1960, the National Voter Registration Act ("NVRA"), and the Help America Vote Act ("HAVA"). Proposed Intervenors deny that those enforcement authorities authorize this action.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Caldwell, in his official capacity as the Secretary of State, is designated the chief election official of New Jersey responsible for coordination of the state's responsibilities pursuant to the NVRA and HAVA. *See* N.J. Stat. § 19:31-6a; *see also* N.J. Const. art. V, § 4, ¶ 3 (authorizing "Governor [to] appoint the Lieutenant Governor to serve as Secretary of State").

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Caldwell is sued in his official capacity as the Secretary of State of New Jersey.

## BACKGROUND

10. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny them.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists, and that the Civil Rights Act of 1960 and the NVRA requires states to preserve certain records. Proposed Intervenors otherwise deny the allegation.

### The National Voter Registration Act

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the cited statute contains the quoted text. Instead, the statute provides that: "Each State shall designate a *State officer* or employee as the chief State election official to be responsible for coordination of State responsibilities under this chapter." 52 U.S.C. § 20509 (emphasis added). To the extent a further response is required, Proposed Intervenors admit that Defendant Caldwell, in his official capacity as Secretary of State, is designated as the chief election official of New Jersey.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself.

## **The Help America Vote Act**

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself.

## **The Civil Rights Act**

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response

is required, Proposed Intervenors admit that the CRA grants the Attorney General certain authority to request some records under certain circumstances. Proposed Intervenors deny that authority permits the action here.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the text quoted in the first sentence of Paragraph 19, but they deny that the cited statute contains the text quoted in the second sentence. Instead, the statute provides that: "This demand shall contain a statement of the basis and the purpose *therefor*." 52 U.S.C. § 20703 (emphasis added). In any event, the statute speaks for itself. Proposed Intervenors otherwise deny the allegations.

## FACTUAL ALLEGATIONS

20. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny them.

21. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny them.

22. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny them.

23. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny them.

24. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny them.

25. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny them.

26. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny them.

27. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore deny them.

28. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny them.

29. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny them.

30. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

31. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny them.

32. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny them.

33. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny them.

34. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny them.

35. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny them.

36. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

## COUNT ONE

**(Violation of the Civil Rights Act of 1960, 52 U.S.C. § 20703)**

37. Proposed Intervenors restate and reincorporate their responses to the foregoing allegations.

38. Proposed Intervenors admit that Defendant Caldwell, in his official capacity as Secretary of State of New Jersey, is an "officer of election." 52 U.S.C. § 20706.

39. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore deny them.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Proposed Intervenors also lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 40. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 40.

41. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore deny them. Moreover, to the extent New Jersey has not produced the state's voter registration list in the manner requested by the DOJ, including all of the sensitive, private voter information demanded, Proposed Intervenors deny that such refusal would violate any federal or state law.

Immediately following Paragraph 41, the Complaint contains a request for relief, including sub-paragraphs (A)–(D), demanding declaratory and equitable relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

### Third Affirmative Defense

Plaintiff has failed to establish entitlement to declaratory or injunctive relief.

### Fourth Affirmative Defense

The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

### Fifth Affirmative Defense

Plaintiff lacks authority to bring a cause of action.

### Sixth Affirmative Defense

The relief Plaintiff seeks is prohibited by state law, which prohibits Defendant from disclosing sensitive personal information, such the "social security number . . . or driver license number of any person." N.J. Stat. § 47:1A-1.1; *see also* N.J. Stat. § 47:1A-5.3.

**PROPOSED INTERVENORS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I, the undersigned, hereby certify that to my knowledge, the matter in controversy is not the subject of any other action in any court or other pending arbitration proceeding, and that no other actions or arbitration proceedings are contemplated. I have no knowledge at this time of the names of any other party who should be joined in this action.

Respectfully submitted,
*s/ Rajiv D. Parikh*

Dated: March 6, 2026

**PEM LAW LLP**
Rajiv D. Parikh (NJ Bar # 032462005)
1 Boland Drive, Suite 101
West Orange, NJ 07052
T: (973) 577-5500
rparikh@pemlawfirm.com

**ELIAS LAW GROUP LLP**
Abha Khanna*
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

Omeed Alerasool (NJ Bar # 403712022)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
oalerasool@elias.law

* *Pro hac vice* motion forthcoming

*Counsel for Proposed Intervenors*

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARED DEMARINIS, in his Official Capacity as State Administrator of Elections for the State Maryland,<br><br>Defendant. | Case No. 1:25-cv-03934<br>(Hon. Stephanie A. Gallagher) |

**ORDER GRANTING MOTION FOR INTERVENTION OF COMMON CAUSE, OUT FOR JUSTICE, INC., CARL SNOWDEN, MYRIAM PAUL, AND LUIS SIMS**

On December 12, 2025, Proposed Intervenors Common Cause, Out for Justice, Inc., Carl Snowden, Myriam Paul, and Luis Sims, moved to intervene in this matter. ECF No. [ ]. This Court, having considered Proposed Intervenors' motion along with the materials filed in support thereof, as well as any opposition thereto, finds good cause to grant the motion. The requirements of Rule 24(a) are granted in that the motion was timely filed; the Proposed Intervenors have substantial interests in the case, including their interests in privacy and the unfettered right to vote; the Proposed Intervenors' interests could be affected or impaired by the disposition of the case; and Proposed Intervenors may not be adequately represented by the existing parties. Moreover, the Court would, in the alternative, grant permissive intervention under Rule 24(b) because the motion is timely and the Proposed Intervenors' participation will aid in the effective airing of issues and the ultimate disposition of the case.

Accordingly, it is hereby ORDERED that the Motion is GRANTED.

IT IS SO ORDERED on this 2nd day of February, 2026.

/s/
The Honorable Stephanie A. Gallagher
United States District Court Judge

# Exhibit C

# MINUTE ORDER

CASE NUMBER: 1:25-cv-00522-LEK-RT

CASE NAME: United States of America v. Nago

---

JUDGE: Leslie E. Kobayashi DATE: 1/5/2026

---

COURT ACTION: EO: ORDER GRANTING MOTION TO INTERVENE AS DEFENDANT

On December 17, 2025, Proposed Intervenor-Defendant NAACP California-Hawaii State Conference ("NAACP CA-HI") filed a Motion to Intervene as Defendant ("Motion"). [Dkt. no. 7.] The deadline to file any opposition to the Motion was December 31, 2025. See Minute Order - EO: Order Setting Briefing Schedule, filed 12/18/25 (dkt. no. 8). The only response to the Motion was Plaintiff United States of America's ("United States") notice of no position, [filed 12/29/25 (dkt. no. 14)].

Because the Motion is unopposed and for the reasons stated in the Motion, this Court exercises its discretion and GRANTS the Motion pursuant to Federal Rule of Civil Procedure 24(b). NAACP CA-HI has established that it "has a claim or defense that shares with the main action a common question of law or fact," and this Court finds that allowing the NAACP CA-HI to intervene will not "unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. P. 24(b)(1)(B), (3). Because Rule 24(b) is a sufficient basis to permit the NAACP CA HI to intervene, this Court makes to findings or conclusions regarding NAACP CA-HI's request to intervene pursuant to Rule 24(a)(2).

NAACP CA-HI shall file its answer to the United States's Complaint, in the form attached to the Motion, by **January 12, 2026.**

IT IS SO ORDERED.

Submitted by: Carla Cortez, Courtroom Manager

# Exhibit D

Case 1:25-cv-00371-AJ Document 23 Filed 03/06/26 Page 1 of 33

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

v. Case No. 25-cv-371-AJ

David Scanlan, in his official capacity as Secretary of State for the State of New Hampshire, and the State of New Hampshire

**ORDER**

David Scanlan, the New Hampshire Secretary of State, refused the United States Department of Justice's demands for New Hampshire's current statewide voter registration list including active and inactive voters' full name, residential address, and either their state driver's license number or the last four digits of their social security number. The United States brought this suit pursuant to the Civil Rights Act of 1960, 52 U.S.C. § 20703, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 21083, to compel New Hampshire's disclosure of the list. See Compl. (Doc. No. 1).

Invoking Federal Rule of Civil Procedure 24, four New Hampshire voters, Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole, move to intervene to assert their privacy rights. See Mot. to Int. (Doc. No. 6). As New Hampshire registered voters, their personal information is contained

within the list sought by the United States. The United States filed a memorandum in opposition to the proposed intervenors' motion, (Doc. No. 19), before filing a notice of no position, (Doc. No. 21). The proposed intervenors filed a reply. See Reply (Doc. No. 22).

For the following reasons, the motion to intervene is granted.

## I. Background

In June 2025, the United States sent Secretary Scanlan a letter seeking information regarding New Hampshire's compliance with Section 303 of HAVA. Doc. No. 1 ¶ 32. The letter made 15 requests. Id. ¶ 33. One of those requests sought New Hampshire's current statewide voter registration list including active and inactive voters. Id. ¶ 38. Secretary Scanlan responded and, in part, explained that state law did not allow him to provide the statewide voter registration list to the United States but that the United States could seek public data from each municipality directly. Id. ¶ 44. The United States and Secretary Scanlan exchanged further letters disputing the legal authority for the United States' request and Secretary Scanlan's refusal to provide the list. See id. ¶¶ 45-52.

On September 25, 2025, the United States initiated this action seeking to compel the statewide voter registration list.

See generally id. On September 30, 2025, the proposed intervenors moved to intervene. See Doc. No. 6.

## II. Discussion

Federal Rule of Civil Procedure 24 permits intervention as a matter of right and permissively. The proposed intervenors argue that they meet both standards. Because the court finds that permissive intervention is warranted, it does not determine whether the proposed intervenors are also entitled to intervene as of right.

Rule 24(b) provides that, "[o]n a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). This is a "low threshold." Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n, 197 F.3d 560, 568 (1st Cir. 1999). After the threshold is met, whether to allow intervention is left to the court's discretion. The rule, however, expressly requires the court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In sum, the court must first determine whether the proposed intervenors' motion was timely, and whether their defenses share a common question of law or fact with the main action. The court must then exercise its discretion and,

factoring in the risk of undue delay or prejudice, determine whether intervention is appropriate.

There is no dispute that the proposed intervenors' motion was timely—filed five days after the United States filed its complaint. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 64 (1st Cir. 2008) (affirming district court's grant of motion to intervene where it was filed before the case progressed beyond the initial stages).

The court thus turns to whether the proposed intervenors' defenses share a common question of law or fact with the underlying action. Here, intervention would inject no new questions of law or fact. The parties' and proposed intervenors' interests in this action are the same: the legality of the United States' request seeking New Hampshire's production of its statewide voter registration list. The proposed intervenors' defenses are not tangential to the underlying action but rather directly responsive to the United States' claims. The court notes that the proposed intervenors' stated interest in the action—the protection of their personal information—does not warrant particular inspection under Rule 24(b). See 7C Kane & Stein, Fed. Prac. & Proc. Civ. § 1911 (3d ed.) ("Close scrutiny of the kind of interest the intervenor is

thought to have seems especially inappropriate under Rule 24 since it makes no mention of interest.”).

The proposed intervenors have, therefore, satisfied the “low threshold” of timeliness and commonality required by Rule 24(b)(1). It is then left to the court’s discretion whether to permit intervention. The court’s discretion is “very broad” and “the district court can consider almost any factor.” Daggett v. Comm’n on Gov’t Ethics & Election Pracs., 172 F.3d 104, 113 (1st Cir. 1999). One factor the court may consider in exercising its discretion is whether the proposed intervenors “may be helpful in fully developing the case.” T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 41 (1st Cir. 2020) (quoting Daggett, 172 F.3d at 113). Here, the proposed intervenors’ presence would assist the court in deciding the issues before it. The proposed intervenors are registered New Hampshire voters whose personal information would be distributed to the Department of Justice were the United States to prevail in this action.

Prior to taking no position, the United States argued that permissive intervention should be denied because defendants are capable of adequately representing the proposed intervenors’ interests and objectives. “However, inadequate representation of the proposed intervenor[s’] interests by the existing parties is a precondition to obtaining intervention of right, not permissive intervention.” Tirrell v. Edelblut, No. 24-cv-251-

LM-TSM, 2025 WL 1939965, at *4 (D.N.H. July 15, 2025) (citing Victims Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 560-61 (1st Cir. 2021)). While courts exercising their discretion "should ordinarily" consider adequate representation, T-Mobile, 969 F.3d at 41, intervention may still be appropriate where adequate representation exists "if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." Tirrell, 2025 WL 1939965, at *4 (citing Allco Fin. Ltd. v. Etsy, 300 F.R.D. 83, 88 (D. Conn. 2014)); see also South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (characterizing adequacy of representation as "a minor variable in the Rule 24(b) decision calculus"); United States v. Columbia Pictures Ind., Inc., 88 F.R.D. 186, 189 (S.D.N.Y. 1980) (same). Even assuming that the proposed intervenors' interest is adequately represented by defendants, their presence in this suit will assist the court in the just and equitable adjudication of this matter.

Finally, permitting intervention here will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This case is in its earliest stages. Defendants have yet to respond to the complaint. Given this procedural posture, intervention will cause no significant delay and will not prejudice the other

parties' rights. While true, the addition of more parties "always take[s] additional time," Kane & Stein, supra § 1913, inclusion of the proposed intervenors would not unduly delay litigation.

In light of these circumstances, the court exercises its discretion to allow permissive intervention. See Fed. R. Civ. P. 24(b).

**III. Conclusion**

Kurk, Perry, Spencer, and Cole's motion to intervene (Doc. No. 6) is granted. The court will treat them as defendants going forward.

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

January 5, 2026

cc: Counsel of Record

# Exhibit E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Steve Simon, in his official capacity as Secretary of State for the State of Minnesota, and the State of Minnesota

Defendant.

Case No. 25-cv-03761-KMM-EMB

**ORDER**

---

Before the Court are two Motions to Intervene: the first filed by the Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez (Dkt. No. 5), and the second filed by the League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau (Dkt. No. 29) (collectively, "Proposed Defendant-Intervenors"). Although the United States of America initially opposed intervention, it now takes no position on the motions. (*See* Dkt. No. 60.) Likewise, Defendants do not oppose the requested relief. (*See* Dkt. No. 58.)

The Proposed Defendant-Intervenors request intervention as a right under Federal Rule of Civil Procedure 24(a) or, alternatively, permissive intervention under Rule 24(b). "Rule 24 is construed liberally, and [courts]

resolve all doubts in favor of the proposed intervenors." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995) (citing cases). Because the Defendant-Intervenors move both as a matter of right and with the Court's permission, this Court may grant the motion on either or both bases. *See, e.g., Franconia Mins. (US) LLC v. United States*, 319 F.R.D. 261, 267 (D. Minn. 2017) (citing *City of Chicago v. FEMA*, 660 F.3d 980, 986 (7th Cir. 2011)). The Court finds permissive intervention proper.

As is relevant here, permissive intervention is appropriate if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention, which is highly discretionary, is appropriate if (1) "the motion to intervene is timely," (2) "the movant's claim shares a question of law or fact in common with the main action," and (3) intervention will not "unduly delay or prejudice adjudication of the original parties' rights." *Franconia Minerals*, 319 F.R.D. at 266.

Upon review of the record, the Court is satisfied that all three factors favor permissive intervention.[1] Given that conclusion, and considering the

[1] Proposed Defendant-Intervenors argue they have Article III standing to intervene. S*ee Nat'l Parks Conservation Ass'n v. U.S. Envtl. Prot. Agency*, 759 F.3d 969, 974 (8th Cir. 2014) ("The requirements for Article III standing are (1) injury, (2) causation, and (3) redressability."). To the extent such a showing is necessary, the Court is satisfied standing exists. *See Vershey v. Madison*, 19-CV-1625 (ECT/LIB), 2020 WL 13065430, at *3 (D. Minn. May 4, 2020) (recognizing "uncertainty over

lack of objection from any party, the Motions are GRANTED. *See United States v. Oregon*, 6:25-CV-01666-MTK, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025) (permitting intervention under similar facts); *United States v. Benson*, 1:25-CV-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025) (permitting intervention of Michigan Alliance for Retired Americans). Because the Court concludes permissive intervention is appropriate, it need not decide whether the Proposed Defendant-Intervenors are entitled to intervention as a right under Rule 24(a). *Cf. Franconia Minerals*, 319 F.R.D. at 269 (declining to engage in Rule 24(a)(2) analysis after concluding permissive intervention was appropriate).

IT IS HEREBY ORDERED that the Motions to Intervene (Dkts. No. 5, 29) are GRANTED.

Date: January 6, 2026

*s/Elsa M. Bullard*
ELSA M. BULLARD
United States Magistrate Judge

---

whether the Eighth Circuit requires intervenors to establish standing for both Rule 24(a) and Rule 24(b) intervention" (quotation omitted)); *United States v. Benson*, 1:25-CV-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025) (concluding movants "seek[ing] to intervene as defendants[] are not required to demonstrate standing," but nevertheless finding particularized injury under similar circumstances) (citing *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663).