# Exhibit [1]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DR. DALE G. CALDWELL, in his official capacity as LIEUTENANT GOVERNOR and SECRETARY OF STATE of NEW JERSEY,<br><br>*Defendant.* | Case No. 3:26-cv-2025 (ZNQ-JTQ)<br><br>**[PROPOSED] ANSWER OF PROPOSED INTERVENOR-DEFENDANTS** |

The National Association for the Advancement of Colored People ("NAACP"), NAACP New Jersey State Conference ("NJ NAACP"), Salvation and Social Justice ("SandSJ"), AAPI New Jersey ("AAPI NJ"), Returning Citizens Support Group ("RCSG"), Association of Black Women Lawyers of New Jersey ("ABWL-NJ"), Garden State Bar Association ("GSBA"), New Jersey Muslim Lawyers Association ("NJMLA"), People's Organization for Progress ("POP"), and Edwin Ortiz ("Mr. Ortiz") (collectively, "Proposed Intervenor-Defendants"), through their undersigned counsel, answer Plaintiff's Complaint as follows:

1. Paragraph 1 quotes and characterizes provisions of federal law to which no response is required. To the extent a response is required, the statute speaks for itself and any inconsistent allegations are denied.

2. Paragraph 2 quotes and characterizes provisions of federal law and judicial decisions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute contains the quoted text. The cited statute and case law speak for themselves. Proposed Intervenor-Defendants deny that the statute authorizes the demands at issue in this litigation.

3. Paragraph 3 quotes and characterizes provisions of federal law and judicial decisions to which no response is required. To the extent a response is required, the cited statute and case law speak for themselves. Proposed Intervenor-Defendants deny that the statute authorizes the demands at issue in this litigation.

4. Paragraph 4 quotes and characterizes provisions of federal law and judicial decisions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the opinions cited contain the quoted text. Proposed Intervenor-Defendants otherwise deny the allegations.

## I. JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions regarding this Court's jurisdiction to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenor-Defendants otherwise deny the allegations.

6. Paragraph 6 contains legal conclusions regarding venue to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants lack sufficient knowledge to form a belief as to the truth or falsity regarding the remaining allegations in Paragraph 6 and therefore deny them.

## II. PARTIES

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Plaintiff is the United States but otherwise deny the remaining allegations.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Dale G. Caldwell is the New Jersey Secretary of State and the State's chief election official who is responsible for the administration of elections in New Jersey.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Defendant is sued in his official capacity as New Jersey's chief election official and, upon information and belief, admit that he is responsible for maintaining compliance with the cited election laws.

## III. BACKGROUND

10. Proposed Intervenor-Defendants deny the allegations in Paragraph 10.

11. Paragraph 11 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, the cited statutes speak for themselves, and any inconsistent allegations or characterizations are denied.

**The National Voter Registration Act**

12. Paragraph 12 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute contains the quoted language, and the statute speaks for itself. Proposed Intervenor-Defendants further admit that Defendant is the chief election official of the State of New Jersey.

13. Paragraph 13 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute contains the quoted language, and the statute speaks for itself.

14. Paragraph 14 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute contains the quoted language, and the statute speaks for itself.

**The Help America Vote Act**

15. Paragraph 15 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute contains the quoted language, and the statute speaks for itself.

16. Paragraph 16 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit the cited statute contains the quoted language, and the statute speaks for itself.

**The Civil Rights Act of 1960**

17. Paragraph 17 contains legal conclusions and characterizations regarding federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that 52 U.S.C. §§ 20701-20706 authorize the Attorney General to request certain records in certain circumstances and subject to statutory requirements and other legal limitations. Proposed Intervenor-Defendants deny that the Attorney General has the authority to request each of the records that are the subject of this litigation. Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this litigation.

18. Paragraph 18 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed

Intervenor-Defendants admit the statute cited requires election officials to preserve certain records for the stated time period.

19. Paragraph 19 quotes and characterizes provisions of federal law to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute contains the quoted language. The statute speaks for itself, and any inconsistent allegations or characterizations, including that the statute authorizes the demands at issue in this litigation, are denied.

## IV. FACTUAL ALLEGATIONS

20. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny them.

21. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny them.

22. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny them.

23. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny them.

24. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny them.

25. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny them.

26. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny them.

27. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore deny them.

28. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny them.

29. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny them.

30. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

31. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny them.

32. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny them.

33. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny them.

34. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny them.

35. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny them.

36. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

37. Proposed Intervenor-Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

38. Paragraph 38 cites and characterizes provisions of federal law to which no response is required. To the extent a response is required, the allegations are admitted.

39. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore deny them.

40. Proposed Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore deny them.

41. Proposed Intervenor-Defendants admit that Defendant has not produced the State's voter registration list in the manner requested by Plaintiff, but otherwise deny the allegations in Paragraph 41, including that such refusal violates any federal or state law or that Plaintiff is entitled to such records.

The complaint next includes requests for equitable and declaratory relief, including sub-paragraphs (A)-(D). Proposed Intervenor-Defendants deny that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred in whole or in part by equity, including based on unclean hands and laches.
3. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and state and federal laws.
4. Plaintiff has failed to establish entitlement to declaratory or injunctive relief.
5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR-DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Proposed Intervenor-Defendants respectfully request that the Court:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Award Proposed Intervenor-Defendants their costs and fees incurred in defending this matter under any applicable statute or equitable doctrine; and

C. Grant such other and further relief as the Court deems just and necessary.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I, the undersigned, hereby certify that to my knowledge, the matter in controversy is not the subject of any other action in any court or other pending arbitration proceeding, and that no other actions or arbitration proceedings are contemplated. I have no knowledge at this time of the names of any other party who should be joined in this action.

Dated: March 13, 2026

Respectfully Submitted,

*/s/ CJ Griffin*

**NEW JERSEY INSTITUTE FOR SOCIAL JUSTICE**
Micauri Vargas
Ryan Haygood
Henal Patel
Nuzhat Chowdhury*
Heather Richner**
60 Park Place, Suite 511
Newark, NJ 07102
(973) 624-9400

**Admission to the District of New Jersey forthcoming*
***Pro hac vice application forthcoming*

**PASHMAN STEIN WALDER HAYDEN P.C.**
CJ Griffin
Gary S. Stein
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200