UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> DR. DALE G. CALDWELL, in his official capacity as Lieutenant Governor and Secretary of State for the State of New Jersey <br><br> Defendant(s). | Case Number: 3:26-CV-2025-ZNQ-JTQ |

**DECLARATION OF ERIC NEFF IN SUPPORT OF MOTION COMPEL RECORDS DEMANDED PURSUANT TO THE CIVIL RIGHTS ACT OF 1960**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1.      I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States' Motion to Compel the production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. §§ 20701, *et seq*.

2.      The National Voter Registration Act, 52 U.S.C. § 20501, et seq., and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, et seq., require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

1

3.      Section 8(i) of the NVRA requires states to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

4.      HAVA requires that "an application for voter registration for an election for Federal office may not be accepted or processed by a State unless the application includes" the applicant's driver's license number or if that is unavailable, the last four digits of the Social Security number. 52 U.S.C. § 21083(a)(5)(A)(i). That information is necessary to identify duplicate registration records, registrants who have moved, registrants who have died, and those who are not eligible to vote in federal elections.

5.      To ascertain whether a jurisdiction engages in practices that violate federal law (whether HAVA, the NVRA, the Voting Rights Act or any other one), the Attorney General needs to examine both applications to register to vote and the final voting rolls, including the electronic statewide voter registration list ("SVRL"), so as to assure herself that the applications are being properly processed and that reasonable and nondiscriminatory list maintenance efforts have been practiced.

6.      When the Civil Rights Division performs this individualized assessment, New Jersey's SVRL is compartmentalized and maintained by the Civil Rights Division separately from the SVRL of any other State. The maintenance, use, and destruction of those records is in full compliance with the requirements in the CRA, Privacy Act, and all other federal laws governing the records.

7.      On July 15, 2025, the United States sent correspondence to then Lieutenant Governor and Secretary of State Tahesha Way ("Lt. Gov.") who is the chief election officer and

Division of Elections Director Donna Barber, requesting cooperation by providing federal election records necessary to its assessment.

8.      On August 14, 2025, the Attorney General sent another letter to the Lieutenant Governor with a demand for the SVRL, pursuant to the CRA, within seven days of the date of the letter. In the August 14 letter the Attorney General demanded pursuant to the Civil Rights Act, the electronic copy of the Statewide VRL specifically demanding that it include registrant's Driver's License number or last four digits of the social security number as required by HAVA for federal registration.

9.      The letter also explained that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act.  The Justice Department's requests came with instructional information the statewide VRLs should be transmitted securely to the Justice Department by way of encryption.

10.     The letter informed the Lieutenant Governor that the purpose of the demand for these records was to ascertain New Jersey's compliance with the list maintenance requirements of federal laws, specifically the NVRA and HAVA.

11.     On January 9, 2026, The Lieutenant Governor informed the Attorney General that she would not provide the Attorney General with an electronic copy of New Jersey's unredacted statewide VRL.

12.     On January 20, 2026 a new Lieutenant Governor of New Jersey, the Defendant, was sworn in.

13.     On January 30, 2026, the Lieutenant Governor informed the attorney general that the position of the new Lieutenant Governor was unchanged from the previous administration.

True and correct copies of the July 15, 2025, and August 14, 2025, letters, and the January 9, 2026, response are attached as Exhibits 1-3.

14.    Recent enforcement efforts by the Attorney General demonstrate the need for federal scrutiny, as Congress contemplated in authorizing the Attorney General to bring enforcement actions under HAVA and the NVRA.

15.    In 2025, North Carolina election officials admitted that the state "maintained and used a HAVA List that includes records that do not comply with the requirements for Federal elections under Section 303(a)(5)." *United States v. N. Carolina Bd. of Elections*, Consent J. & Order at 4 (E.D.N.C. Sept. 8, 2025). Specifically, the State's HAVA List included over one hundred thousand active voter records that were missing one of the identification numbers required by HAVA: the registrant's driver's license number, the last four numbers of the registrant's social security number, or a unique identifying number if the registrant had neither a driver's license nor a social security number. A true and accurate copy of the North Carolina Consent Judgment and Order is attached as Exhibit 4.

16.    The United States previously has pursued successful matters, including in litigation, to obtain statewide voter registration lists under Title III of the Civil Rights Act ("CRA").

17.    For example, in two of those CRA matters against Georgia and Texas, the United States obtained the SVRLs, including drivers' license numbers and last four digits of the registrant's social security number, to evaluate compliance with the NVRA, including that Act's list maintenance requirements.

18.    A true and accurate copy of the Complaint filed in United States v. Georgia, Case No. 1:06-cv-02442-CC (N.D. Ga. filed Oct. 12, 2006), is attached as Exhibit 5.

19.     On October 27, 2006, the Court entered a Consent Decree in Georgia requiring the state to produce its SVRL to the United States. A true and accurate copy of the Georgia Consent Decree is attached as Exhibit 6.

20.     The Texas matter was resolved by a Memorandum of Understanding ("MOU") dated May 13, 2008, which required Texas to produce its SVRL to the United States. A true and accurate copy of the Texas MOU is attached as Exhibit 7.

21.     The United States has offered states an MOU memorializing these requirements. As of April 3, 2026, seventeen states have provided their SVRL including: fourteen states that have provided their SVRLs without any MOU and two states that have agreed to provide their SVRL under the terms of the MOU.

I declare under the penalty of perjury that the above statements are true and correct.

Dated: April 3, 2025 at Washington, DC.

_/s/ Eric Neff_____
Eric Neff