

### STATE OF NEW JERSEY

| MIKIE SHERRILL<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080<br>TRENTON, NJ  08625-0080 | JENNIFER DAVENPORT<br>*Attorney General* |
|---|---|---|
| DR. DALE G. CALDWELL<br>*Lt. Governor* | | JEREMY M. FEIGENBAUM<br>*Solicitor General* |

April 9, 2026

**<u>VIA ECF</u>**
Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court for the District of New Jersey
402 East State Street, Court Room 4W
Trenton, New Jersey 08608

**Re:   *United States of America v. Dale G. Caldwell*, No. 26-02025**

Dear Judge Quraishi:

Under Your Honor's individual rules, Defendant Dale G. Caldwell writes to request a pre-motion conference before moving to dismiss the complaint. In the meantime, Defendant will confer with the Department of Justice (DOJ) about a combined briefing schedule for his motion to dismiss and DOJ's motion to compel filed on April 3 (ECF 20) in the event the Court agrees that a pre-motion conference is unnecessary.

## I.    Background

DOJ seeks to enforce its sweeping demand for an electronic copy of New Jersey's unredacted voter registration list. Although the State already provided DOJ with its public voter file, DOJ insisted on obtaining an unredacted version, containing the personally identifiable information of over 6 million registered New Jersey voters, including driver license numbers and the last 4 digits of social security numbers. Because such disclosure implicates significant privacy concerns and is prohibited by New Jersey and federal privacy law, the State declined to provide its unredacted voter registration list.

DOJ then filed this lawsuit alleging a single count under Title III of the Civil Rights Act of 1960 (CRA) claiming it is entitled to this information to assess whether New Jersey is complying with its voter-list-maintenance obligations under the National Voter Registration Act of 1993 (NVRA) and Help America Vote Act of 2002 (HAVA). But DOJ does not allege the State's list-

maintenance practices are deficient or give any other factual basis for its demand. And its demand is not particular to New Jersey—DOJ has sued 29 other States and the District of Columbia seeking unredacted voter lists. As every other court has so far held, DOJ's CRA claim fails and should be dismissed. *See United States v. Oregon*, No. 25-1666, 2026 WL 318402 (D. Or. Feb. 5, 2026), *appeal docketed*, No. 26-1231 (9th Cir. Mar. 3, 2026); *United States v. Benson*, No. 25-1148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026); *United States v. Weber*, No. 25-9149, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026); *United States v. Galvin*, No. 25-13816 (D. Mass. Apr. 9, 2026).

## II.    Discussion

Defendant's motion will seek dismissal for failure to state a CRA claim on several bases, any one of which is sufficient to dismiss the complaint.

*First*, DOJ's claim fails because the State's voter list does not fall within the CRA's plain text. The CRA's inspection provision only applies to records "which come into" election officials' "possession," meaning "documents that state election officials receive from prospective voters," and not "the voter registration list that is created by state officials." *Benson*, 2026 WL 362789, at *9 (citing 52 U.S.C. § 20701). So New Jersey's voter list—which the State created—does not fall within its scope. The CRA also requires States to retain for 22 months records related to prior federal elections, 52 U.S.C. § 20701, and so does not cover New Jersey's current voter list, which has been updated since then. That the State's voter list is continuously updated, while the CRA prohibits "alter[ation]" of "any record" required "to be retained and preserved," 52 U.S.C. § 20702, further confirms the voter list is outside the CRA's scope.

*Second*, DOJ's claim fails because it has not satisfied the CRA's requirement to provide "a statement of the basis and the purpose" for its demand. 52 U.S.C. § 20703. Although DOJ claims in its complaint that the "basis of the demand was the CRA," ECF 1 ¶ 26, DOJ made no such statement in the request itself, and regardless, it is insufficient. The CRA requires DOJ to state the factual basis for its demand, not its statutory basis. *See Oregon*, 2026 WL 318402, at *8–9; *Weber*, 2026 WL 118807, at *9. Nor is "ascertain[ing] compliance with the list maintenance requirements of the NVRA and HAVA," ECF 1 ¶ 27, a legally sufficient "purpose." The CRA's purpose "is to detect voting-related racial discrimination," *Weber*, 2026 WL 118807, at *8, so the "purpose" of a demand "must relate to a purpose of investigating violations of



individuals' voting rights," *Oregon*, 2026 WL 318402, at *10. Because DOJ's purpose does not so relate, it is insufficient under the CRA.

*Third*, nothing in the CRA entitles DOJ to this particular sensitive voter information that New Jersey statutes protect. *See* N.J. Stat. Ann. §§ 47:1A-1.1, -5.3. DOJ does not "provide any reasonable explanation for why" an unredacted copy of the State's voter list serves the NVRA's and HAVA's schemes. *Oregon*, 2026 WL 318402, at *10 n.4. Those statutes place responsibility for list maintenance squarely on the States; they give no such authority to DOJ. *See* 52 U.S.C. § 20507(a)(4); *id.* § 21085. Courts have repeatedly recognized that individual voters' sensitive data is not necessary to assess how a State implements programs and activities to maintain accurate voter lists under the NVRA. *See, e.g.*, *Pub. Interest Legal Found. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) (collecting cases). And nothing in the CRA's preservation requirement for voter-registration materials prohibits States from protecting citizens' privacy by redacting personally identifiable information. *See* 52 U.S. § 20701.

*Fourth*, multiple federal privacy laws bar DOJ's sweeping demand. DOJ has not complied with the Privacy Act's requirement to publish a "system of records" notice in the Federal Register adequate to cover its collection of millions of Americans' sensitive personal information. 5 U.S.C. § 552a(a)(3)–(5), (e)(4). Nor has DOJ complied with the E-Government Act, which requires federal agencies to conduct a "privacy impact assessment" before "initiating a new collection of information." Pub. L. No. 107-347, § 208(b), 116 Stat. 2899 (2002). DOJ's demand also violates the Driver's Privacy Protection Act (DPPA), which generally prohibits disclosure of driver license and social security numbers obtained in connection with a motor vehicle record. 18 U.S.C. §§ 2721(a), 2725(1), (3), (4). DOJ's demand does not fall under DPPA's permissible use because DOJ has not explained why it needs voters' driver license or social security numbers to "carry[] out its functions." *Id.* § 2721(b)(1).

The State thus seeks leave to move to dismiss the complaint.

> Respectfully submitted,
>
> JENNIFER DAVENPORT
> ATTORNEY GENERAL OF NEW JERSEY
>
> By:   */s/ Liza B. Fleming*
> Liza B. Fleming
> Deputy Attorney General

