

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

May 11, 2026

**VIA ELECTRONIC FILING (CM/ECF)**

Honorable Justin T. Quinn, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

**Re:     Opposition to Motion to Compel, Dkt. No. 20, in *U.S. v. Caldwell*, No. 3:26-cv-02025**

Dear Judge Quinn:

We write on behalf of Intervenor-Defendants Make the Road New Jersey, Jamie Y. Ding, and Danielle Litwak ("MRNJ Intervenors"), consistent with the Court's April 23, 2026 Scheduling Order. *See* Dkt. No. 47. MRNJ Intervenors have reviewed Plaintiff's "motion to compel" (Dkt. No. 20) and Defendant's opposition (Dkt. No. 50-1). The relief sought in the motion would, if granted, effectively end this litigation and require Defendant to disclose to the federal government the sensitive personal data of Make the Road's members and constituents, and of Mr. Ding and Ms. Litwak individually. Consequently, MRNJ Intervenors wish to file an opposition. If permitted to file, MRNJ Intervenors would make the following arguments.

First, MRNJ would argue that the Federal Rules of Civil Procedure govern Plaintiff's claim because no Rule 81 exception applies here, not even Rule 81(a)(5). In fact, nothing in the Federal Rules or in the text of the Civil Rights Act of 1960 ("CRA") indicates that the Federal Rules are displaced. The U.S. Supreme Court's decision in *United States v. Powell* confirms as much: where a statute provides for "appropriate process" without specifying alternative procedures, "the Rules of Civil Procedure apply." 379 U.S. 48, 58 & n.18 (1964). DOJ cites *Donaldson v. United States*, 400 U.S. 517 (1971), but that case reaffirms the holding in *Powell*, which is in line with numerous other decisions of the Supreme Court that make clear that the Rules are displaced only where Congress provides a clear statutory exemption. *Powell* also squarely rejects the reasoning relied upon by DOJ in *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), which is no longer binding even in the Fifth Circuit as a result.

MRNJ Intervenors would argue that, consistent with *Powell*, this Court must conduct meaningful review of DOJ's demand, including into the sufficiency of DOJ's statement of basis and purpose under Title III. Numerous courts, including in the Third Circuit and even in the Fifth Circuit (which issued *Lynd*), regularly engage in robust review of governmental demands for documents issued under myriad statutory schemes—and this case is no different. Where demands exceed the issuing agency's authority, courts refuse to enforce them. Moreover, the history and context of the cases on which DOJ relies—*Lynd* and others from the 1960s South—do not support

May 11, 2026
Page 2

the contention that this Court is limited to merely rubberstamp DOJ's demand here. Those cases involved targeted demands for voter records from subdivisions in states where the federal government had evidence that suggested local officials were making registration decisions on the basis of race, violating voting rights, *and* rushing to destroy any evidence of these violations. And, as *Lynd* made clear, those Title III demands also involved *public* records, not private information like the sensitive data DOJ demands here from New Jersey.

DOJ misreads the relevant teachings of *Powell* by restricting them to the specific context of the authorizing statute in that case. But nothing in *Powell*'s analysis as to the general applicability of the Federal Rules depends on the specifics of the tax summons statute. To the contrary, the Supreme Court's analysis of the proper role for the courts rested on foundational principles of administrative law, which carry equal force in the circumstances here.

As a result, the only appropriate procedural course here is to *first* resolve the motions to dismiss testing the legal sufficiency of Plaintiff's allegations, as Defendant Caldwell and Intervenors are entitled to do under Rule 12. If those motions are denied, the parties are entitled to proceed to discovery on the factual disputes that go to the core of Plaintiff's claim. These include whether DOJ's stated purpose for its Title III demand is pretext for its actual purposes, and whether DOJ is compliant with additional substantive privacy safeguards under federal law that it would need to satisfy if it intends to use voters' sensitive data in computerized data matching programs, for example. But Plaintiff's "motion to compel" seeks for the Court to order the final relief sought in Plaintiff's Complaint before any such discovery may be conducted, effectively rendering the "motion to compel" a dispositive motion for summary judgment filed at the very outset of litigation. In every scenario, then, the so-called "motion to compel" is procedurally improper.

Lastly, MRNJ Intervenors would argue that the procedural impropriety of Plaintiff's "motion to compel" is illustrated by the substantive arguments that DOJ has folded into the motion. *See* Dkt. No. 20-1 at 9–20. These arguments emphasize the existence of genuine disputes that require further adjudication before DOJ may obtain any relief, and they further illustrate the shortcomings of attempting to litigate the entire case through a makeshift "motion to compel."

MRNJ Intervenors respectfully request permission to file an opposition to DOJ's "motion to compel" to cover these arguments. We thank the Court for its assistance with this matter.

Respectfully submitted,

*s/ Omeed Alerasool*
**Omeed Alerasool** (NJ Bar # 403712022)
**Elias Law Group LLP**
*Counsel for Make the Road New Jersey,*
*Jamie Y. Ding, and Danielle Litwak*

cc: All Counsel of Record