**ACLU**

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

**New Jersey**

P.O. Box 32159
Newark, NJ  07102

Tel: 973-642-2086
Fax: 973-642-6523

info@aclu-nj.org
www.aclu-nj.org

LIZA WEISBERG
Supervising Attorney

lweisberg@aclu-nj.org
973-854-1705

June 22, 2026

***VIA CM/ECF***
Hon. Justin T. Quinn, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:**  ***United States of America v. Dale G. Caldwell***
> **Case No. 3:26-cv-2025 (ZNQ-JTQ)**

Dear Judge Quinn:

Intervenor-defendants the League of Women Voters of New Jersey, Latino Action Network, and Maungsai Somboon write to advise the Court, consistent with the Court's April 23, 2026 Scheduling Order (ECF No. 47), that they wish to file a reply in further support of their motion to dismiss the complaint in this matter. If permitted to file a reply, they would make the following arguments.

*First*, the United States has not complied with Title III's basis and purpose requirement. A Civil Rights Act (CRA) demand must be supported by a *factual* basis, not merely a circular and self-evident assertion that the CRA is the *legal* basis for a CRA request. And the statute expressly requires the factual basis for the request to be set forth in writing.  *See* 52 U.S.C. § 20703.  The United States's efforts to backfill or bootstrap some  valid basis—by pointing to its July 15 Letter (ECF No. 20-3), where it cited benign Election Administration and Voting Survey data and made no mention whatsoever of the CRA, its August 14 Letter (ECF No. 20-4), where it generically invoked the NVRA and HAVA, and a consent decree from North Carolina—are strained and unavailing. As the *Galvin* court explained, "suggesting that the CRA is satisfied so long as a demand's recipient can infer the basis is contrary to the statute's requirement of a written demand 'contain[ing] a statement of the basis.'" *United States v. Galvin*, No. 1:25-cv-13816-LTS, 2026 WL 972129 at *5 (D. Mass. Apr. 9, 2026), *appeal docketed*, No. 26-1657 (1st Cir. June 1, 2026).

As to the purpose requirement, the United States still has not articulated a plausible reason why it would need the entire, unredacted voter file to "ascertain New Jersey's compliance with the list maintenance requirements of the NVRA and HAVA." Compl. ⁋ 27. If the United States wants to "confirm" that New Jersey is collecting driver's license numbers or partial social security numbers consistent with HAVA, *see* U.S. MTD Opp. at 24 ((ECF No. 79), it can take any

1

number of straightforward steps, including looking at the voter registration form, inquiring about voter registration and data entry practices, or reviewing a redacted voter file showing whether those fields contain data. If it wants to "identify duplicate registration records, registrants who have moved, and registrants who have died or who are otherwise no longer eligible to vote in federal elections" to assess compliance with the NVRA's list maintenance requirements, a static snapshot of the voter file will not serve that function, which, in any event, is tasked to the states and not the federal government. *See* 52 U.S.C. § 20507(a)(4).

Moreover, the United States's asserted purpose, even if it were facially valid, is pretextual. Its intentions to build an illegal national voter database are not mere "hearsay," U.S. MTD Opp. at 11; they are evident from statements of current and former federal officials, the United States's own admissions in court, and even a recent Office of Legal Counsel opinion that the United States cites in its opposition to the motions to dismiss, *see* U.S. MTD Opp. at 3 n.2 (citing Authority to Obtain and Share Voter Roll Data, 50 Op. O.L.C. __ (May 12, 2026), available at https://www.justice.gov/olc/media/1440346/dl).

*Second*, the United States fails to address the need for redaction to protect voters' rights, including federal constitutional rights, which is another basis for dismissal. Indeed, the United States's reference to a case where a state disclosed voter data only highlights how extreme its request is here. U.S. MTD Opp. at 26 (citing *Coalition for Open Democracy v. Scanlan*, No. 24-CV-312-SE, 2025 WL 1503937, at *2 (D.N.H. May 27, 2025) (a version of the New Hampshire voter file was produced in discovery subject to exhaustive restrictions and *did not* include sensitive information like Social Security numbers or driver's license numbers). The United States's legally deficient demand for New Jersey's unredacted voter file is an unprecedented overreach that will chill voter participation.

Intervenor-defendants the League of Women Voters of New Jersey, Latino Action Network, and Maungsai Somboon respectfully request permission to file a reply brief to address the arguments summarized here.

Respectfully submitted,

/s/ *Liza Weisberg*
Liza Weisberg
*Co-counsel for Intervenor-Defendants*

2