**HANGLEY**
**ARONCHICK**
**SEGAL**
**PUDLIN**
**& SCHILLER**

ATTORNEYS AT LAW / A PROFESSIONAL CORPORATION

1415 Route 70 East
Suite 405
Cherry Hill, NJ  08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA

CHERRY HILL, NJ

PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**

**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

June 23, 2026

**Via ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ  08608

> Re:   ***United States v. Caldwell***, **No. 3:26-cv-2025-ZNQ-JTQ**
> **Notice of Supplemental Authority**

Dear Judge Quraishi:

Defendant Dale G. Caldwell, in his official capacity as Lieutenant Governor and Secretary of State of New Jersey, respectfully submits this notice of supplemental authority related to the State's Motion to Dismiss Plaintiff's Complaint (ECF 50).  At the time the State filed its Reply Brief on June 15, 2026 (ECF 82), eight federal courts across the country had dismissed parallel lawsuits by the U.S. Department of Justice (DOJ) seeking various States' unredacted voter registration lists (VRLs).  A ninth federal court, the District of Maryland, has now joined this growing consensus.  *See United States v. Demarinis*, No. 1:25-cv-3934, 2026 WL 1780586 (D. Md. June 18, 2026).

In denying DOJ's motion to compel and granting the defendants' motions to dismiss, the District of Maryland made two holdings.  First, consistent with "every other court to have addressed this question in the recent litigation in other states," the court "conclude[d] that the Federal Rules of Civil Procedure apply" to the proceeding.  *Id.* at *3.  Second, the court held that a statewide VRL "is not a record or paper that a state must produce to the United States under the" Civil Rights Act of 1960 (CRA).  *Id.* at *5.  In doing so, the court "join[ed] every court to have addressed this issue."  *Id.*  This holding in turn rested on at least two different textual bases.  The court concluded that Maryland's VRL is "created by state officials" and thus "does not 'come into [their] possession.'"  *Id.* at *4 (quoting 52 U.S.C. § 20701).  The court also explained that

The Honorable Zahid N. Quraishi
June 23, 2026
Page 2

because the VRL is "a dynamic list that is constantly updated and, thus, altered," the CRA provision invoked by DOJ, 52 U.S.C. § 20701, cannot be read to encompass the VRL without bringing that provision into conflict with another provision of the same statute, 52 U.S.C. § 20702. *Demarinis*, 2026 WL 1780586, at *5.

The State has raised and fully briefed each of these issues in the present case. *See* ECF 50-1, at 15–18 (the VRL is not a record "which come[s] into [election officers'] possession"); *id.* at 18–19 (the VRL is a dynamic database that must necessarily be altered); *id.* at 49–55 (the Federal Rules of Civil Procedure apply); ECF 82, at 2–8.

Respectfully,

Robert A. Wiygul

cc:   Counsel of Record (via ECF)