

1415 Route 70 East
Suite 405
Cherry Hill, NJ  08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA

CHERRY HILL, NJ

PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**

**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

June 25, 2026

<u>**Via ECF**</u>

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ  08608

      Re:     ***United States v. Caldwell*, No. 3:26-cv-2025-ZNQ-JTQ**
                   **Notice of Supplemental Authority**

Dear Judge Quraishi:

The State writes to advise of *United States v. Benson*, --- F.4th ----, 2026 WL 1815425 (6th Cir. June 24, 2026), where the United States Court of Appeals for the Sixth Circuit has now joined 9 district courts in unanimously rejecting DOJ's attempts to seek States' unredacted voter registration lists (VRLs) pursuant to Title III of the Civil Rights Act of 1960 (CRA). The Sixth Circuit affirmed the district court's decision dismissing DOJ's parallel lawsuit seeking Michigan's VRL, 819 F. Supp. 3d 753 (W.D. Mich. 2026), which was extensively discussed in the parties' briefing on Defendant Caldwell's Motion to Dismiss Plaintiff's Complaint (ECF 50).

The Sixth Circuit's precedential opinion identifies three principal grounds for its decision that DOJ is not entitled to Michigan's VRL under Title III of the CRA. First, the Sixth Circuit holds, as a matter of textual interpretation, that Michigan's VRL is not subject to Title III of the CRA because the VRL does not "come into [election officers'] possession." *Benson*, 2026 WL 1815425, at *4–5.

Second, the court holds that, because "the NVRA [National Voter Registration Act] and HAVA [Help America Vote Act] *require* Michigan election officials to alter the [VRL] routinely," the VRL cannot be subject to the CRA, which prohibits election officers from "alter[ing]" any record that the CRA requires them to retain and preserve.

The Honorable Zahid N. Quraishi
June 25, 2026
Page 2

*Id.* at *5. As a result, "construing [52 U.S.C.] § 20701 in a manner that subjects the [VRL] to Title III would place Title III on a collision course with the NVRA and HAVA." *Id.* at *6.

Third, the Sixth Circuit holds that DOJ failed to comply with the CRA because it did not make "a Title III demand with a statement of the basis *and* purpose" for the demand. *Id.* at *8 (citing 52 U.S.C. § 20703). As the court explains, "any demand must contain both" a stated basis and a stated purpose, and DOJ's three letters to the Michigan Secretary of State in July and August 2025—the first two of which did not mention the CRA or state any purpose for DOJ's records request, and the last of which invoked the CRA and stated a purpose but not a basis—did not satisfy that requirement. *Id.*

Finally, the Sixth Circuit expressly rejects several arguments also advanced by DOJ in this case—for example, that the phrase "come into … possession" should be interpreted as raising "a temporal distinction between *coming into possession* and *being in possession*." *Id.* at *7; *compare* ECF 79, at 22 (asserting this argument).

Here, the State has raised and fully briefed each of these issues. *See* ECF 50-1, at 15–18 (the State's VRL is not a record "which come[s] into [election officers'] possession"); *id.* at 18–19 (the VRL is outside the scope of the CRA because the NVRA and HAVA expressly require the State to alter the VRL); *id.* at 24–30 (DOJ did not state the basis and the purpose for its demand); ECF 82, at 4–11. *Benson* therefore provides further confirmation that DOJ is likewise not entitled to New Jersey's VRL under Title III of the CRA.

Respectfully,

Robert A. Wiygul

cc:   Counsel of Record (via ECF)