# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:26-cv-2025-ZNQ-JTQ |
| DALE G. CALDWELL, in his official capacity as LIEUTENANT GOVERNOR and SECRETARY OF STATE of NEW JERSEY, | |
| Defendant, | |
| MAKE THE ROAD NEW JERSEY, JAMIE Y. DING, and DANIELLE LITWAK, | |
| Intervenor-Defendants, | |
| LEAGUE OF WOMEN VOTERS OF NEW JERSEY, et al., | |
| Intervenor-Defendants, | |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | |
| Intervenor-Defendants. | |

**REPLY BRIEF OF INTERVENOR-DEFENDANTS
MAKE THE ROAD NEW JERSEY, JAMIE Y. DING, AND DANIELLE
LITWAK IN SUPPORT OF THEIR MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

ARGUMENT ........................................................................................................1

I.    The natural reading of Title III does not reach what DOJ demands. ..............1

II.   DOJ failed to satisfy Title III's "basis" and "purpose" requirements. ............2

III.  Title III neither reaches voters' data nor preempts state-law protections. ......4

IV.   DOJ's failure to comply with federal privacy laws is facially apparent. ........5

CONCLUSION .....................................................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Bowe v. U.S.*,
  607 U.S. 13 (2026)................................................................................................2

*In re Lipitor Antitrust Litig.*,
  868 F.3d 231 (3d Cir. 2017) ...........................................................................3, 4

*In re Tower Air, Inc.*,
  416 F.3d 229 (3d Cir. 2005) .................................................................................5

*Kennedy v. Lynd*,
  306 F.2d 222 (5th Cir. 1962) ................................................................................4

*Reese Bros. v. U.S.*,
  447 F.3d 229 (3d Cir. 2006) .................................................................................2

*Senne v. Vill. of Palatine, Ill.*,
  695 F.3d 597 (7th Cir. 2012) ................................................................................5

*U.S. v. Bellows*,
  No. 1:25-CV-00468-LEW, 2026 WL 1430481 (D. Me. May 21, 2026) ..........3, 4

*U.S. v. Benson*,
  No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026) ...............................1, 2

*U.S. v. Galvin*,
  No. 1:25-CV-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026)..................2

*U.S. v. Giraud*,
  160 F.4th 390 (3d Cir. 2025) .................................................................................1

*U.S. v. Oregon*,
  No. 6:25-CV-01666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026).....................3

*U.S. v. Scanlan*,
  No. 1:25-cv-00371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026) .....................1

*U.S. v. Schmidt*,
  No. 2:25-cv-01481-CB, 2026 WL 1850016 (W.D. Pa. June 27, 2026).................1

*U.S. v. Weber*,
  816 F. Supp. 3d 1168 (C.D. Cal. 2026) ................................................................5

**Statutes**

5 U.S.C. § 552a ................................................................................................4

18 U.S.C. § 2721 ..............................................................................................5

52 U.S.C. § 10308 ............................................................................................4

52 U.S.C. § 20302 ............................................................................................4

52 U.S.C. § 20701 ............................................................................................1

52 U.S.C. § 20510 ............................................................................................4

52 U.S.C. § 21111 ............................................................................................4

N.J. Stat. § 39:2-3.4 .........................................................................................5

## ARGUMENT

The U.S. Department of Justice ("DOJ") insists it can compel States to produce unredacted voter lists under the Civil Rights Act of 1960 ("CRA") without any legal constraint. *See* Dkt. No. 79 ("Opp."). But twelve federal courts have disagreed, including the Sixth Circuit, on grounds similar to those raised in the motions here. *See* Dkt. No. 88 at 1 (citing *U.S. v. Benson*, 2026 WL 1815425 (6th Cir. June 24, 2026)).[1] This Court should also dismiss this Complaint.

## I.    The natural reading of Title III does not reach what DOJ demands.

DOJ offers no serious analysis of the statutory phrase "come[s] into [Defendant's] possession," 52 U.S.C. § 20701, instead obfuscating with a lengthy discourse about whether the statewide voter list "relates to" voter registration, Opp. 19–21. *See Benson*, 2026 WL 1815425, at *4 (noting that dispositive question was whether Michigan's voter list "come[s] into [defendant's] possession"). DOJ likewise ignores the serious conflicts that would result between the CRA, NVRA, and HAVA from its preferred interpretation. *See* Dkt. No. 59-1 ("MRNJ Mem.") at 8–10; Dkt. No. 50-1 ("NJ Mem.") at 18–19; Dkt. No. 82 ("NJ Reply") at 5–6; *see also Benson*, 2026 WL 1815425, at *5–6. And DOJ has no answer to the charge that its reading would erase the phrase "*come into*" from the statute, rendering that clause meaningless surplusage. *See* MRNJ Mem. 7–8; *Benson*, 2026 WL 1815425, at *6; *see also U.S. v. Giraud*, 160 F.4th 390, 397 (3d Cir. 2025) ("[W]e must give effect, if possible, to every clause and word of the statute." (citation modified)).

---

[1] In the last couple days, two federal courts dismissed DOJ's claims seeking voter lists in Pennsylvania and New Hampshire. *U.S. v. Schmidt*, 2026 WL 1850016 (W.D. Pa. June 27, 2026); *U.S. v. Scanlan*, 2026 WL 1864054 (D.N.H. June 29, 2026).

DOJ's *ipse dixit* reliance on "the statute's purpose," Opp. 21, 25–26, "simply cannot overcome the force of the plain text," *Bowe v. U.S.*, 607 U.S. 13, 41 (2026) (citation omitted). And, in any event, investigating NVRA and HAVA compliance is *not* the purpose of Title III. *See* MRNJ Mem. at 3–5; NJ Mem. 30–33.

Try as it might, DOJ cannot explain away the plain text of the statute. Contemporary dictionaries, *see Benson*, 2026 WL 1815425, at *4, common usage, *see* NJ Reply 6–8, and even the OLC opinion DOJ offers in support, *see* OLC Op. 9,[2] make clear that "comes into possession" is synonymous with "receives." Indeed, DOJ even admits that the voter list is a "composite," distinguishable from the "individual records" received by elections officials and encompassed by the CRA, *see* Opp. 19, further confirming that the voter list is outside the purview of the CRA.

## II.   DOJ failed to satisfy Title III's "basis" and "purpose" requirements.

DOJ concedes Title III requires a statement of "the basis and purpose," but suggests that the two requirements form a single amalgam. *See* Opp. 8–10. Yet the natural reading—supported by the CRA's history, *see* MRNJ Mem. 2–3—is that "and" is a conjunctive term requiring both conditions be met. *See Reese Bros. v. U.S.*, 447 F.3d 229, 235 (3d Cir. 2006). Thus, courts have held that the "basis" requirement is distinct and have dismissed DOJ's parallel complaints for failure to provide one. *See, e.g.*, *Benson*, 2026 WL 1815425, at *8; *U.S. v. Galvin*, 2026 WL 972129, at *3–5 (D. Mass. Apr. 9, 2026). Because the demand here likewise lacked

---

[2] DOJ references a recent opinion of its Office of Legal Counsel. *See* Opp. 3 n.2 (citing "Authority to Obtain and Share Voter Roll Data," 50 Op. O.L.C. ___ (May 12, 2026) (slip op.) ("OLC Op."), available at https://perma.cc/HVS6-AU6E).

a statement of basis, this Court should dismiss too.[3] *See also* NJ Reply 9–11.

DOJ barely responds to arguments that its stated purpose is inadequate because Title III's purpose is to facilitate investigation of the denial of voting rights, not list-maintenance procedures. *See* Opp. 10–14; *but see* MRNJ Mem. 3–5; NJ Mem. 30–33. Instead, DOJ rattles off examples that purportedly "demonstrate the need for federal scrutiny," Opp. 10—none of which involved a contested demand for sensitive voter data, let alone establish that investigating NVRA and HAVA compliance is a sufficient purpose for demanding a statewide voter list via Title III. For example, DOJ points to consent decrees from the mid-2000s. *See* Opp. 11–13. But each followed complaints alleging substantive violations of the NVRA and HAVA themselves—not the CRA. *See* Dkt. Nos. 79-4–79-6. In any event, consent decrees are "*voluntary agreements* negotiated by the parties for their own purposes," whose obligations are derived from "the agreement of the parties, rather than the force of the law upon which the complaint was originally based." *In re Lipitor*

---

[3] Any "post hoc effort to stitch together a legally sufficient 'statement of the basis'" using the July 15 letter would also fail. *U.S. v. Oregon*, 2026 WL 318402, at *9 (D. Or. Feb. 5, 2026). That letter "contains no Title III demand, and the August 14 Letter's Title III demand does not identify the information in the July [15] Letter as its factual basis." *Id.*; *see also* Compl. ¶¶ 39–40 (identifying August 14 letter as Title III demand). In fact, the July 15 letter does not mention the CRA at all. *See* Dkt. No. 20-3. It solely requests information under "Section 20507(i) of the NVRA." *Id.* at 1.

In any event, DOJ has not explained how variations in EAVS data indicate any "inconsisten[cy] with . . . reasonable list maintenance" procedures. Opp. 9. And any meaning that might be discerned from mere differences between a State's figures and the national averages is undermined by DOJ's contradictory claims across parallel cases: For example, DOJ claims to be concerned with *too few* removals in New Jersey, *id.* at 9, but complained of *too many* removals in seeking Maine's voter list, *see U.S. v. Bellows*, 2026 WL 1430481, at *2 (D. Me. May 21, 2026).

*Antitrust Litig.*, 868 F.3d 231, 265 (3d Cir. 2017) (citation modified). The Alabama and Vermont complaints, meanwhile, were brought under UOCAVA, 52 U.S.C. § 20302(c), not the CRA. *See* Dkt. Nos. 79-9, 79-10. Lastly, the request to Newton County, Georgia invoked Title III to investigate voting rights violations, Dkt. No. 79-11 (citing 52 U.S.C. § 10308(d)), a purpose that would be *consistent* with the CRA's intended uses, *see* NJ Reply 11–12; MRNJ Mem. 3–4. None of DOJ's examples support using Title III to judicially compel production of statewide voter lists to "investigate" compliance with list-maintenance statutes "with their own objectives and mechanisms for enforcement." *Bellows*, 2026 WL 1430481, at *9.

III.    **Title III neither reaches voters' data nor preempts state-law protections.**

Rather than respond to arguments that the CRA does not authorize access to voters' data, DOJ resorts to bare policy arguments worthy of outright rejection. *See* Opp. 23–25. Congress gave DOJ tools to enforce HAVA and the NVRA *in those statutes*. *See* 52 U.S.C. §§ 20510(a), 21111; NJ Mem. 3–7, 39–44. And the CRA reaches only "public records which ought ordinarily to be open to legitimate reasonable inspection," *Kennedy v. Lynd*, 306 F.2d 222, 231 (5th Cir. 1962), not the private data DOJ seeks. Moreover, Section 304 prevents *DOJ* from disclosing data; it does not evidence congressional intent to preempt state laws that impose *broader* protections. In fact, Congress often imposes limits on the federal government's ability to disclose Americans' information, even when such data could be held and shared by other parties. *See, e.g.*, 5 U.S.C. § 552a; *contra* Opp. 24–25. DOJ's roving discussion of the Elections Clause, HAVA, and the NVRA, *see* Opp. 32–35, simply fails to demonstrate that the CRA preempts state-law protections. Clearly, the CRA

neither reaches such sensitive data, nor does it somehow preempt New Jersey laws protecting the same. *See also* NJ Reply 16–17; MRNJ Mem. 5–7.

**IV.    DOJ's failure to comply with federal privacy laws is facially apparent.**

DOJ asserts that affirmative defenses can *never* "form the basis for dismissing the Complaint." Opp. 27 (citing *In re Adams Golf Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004)). But that is not true "where an unanswered affirmative defense appears on its face." *In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005). And here, DOJ's noncompliance with privacy laws is plainly apparent. *See* MRNJ Mem. 10 & n.5; NJ Reply 17–20. For example, DOJ concedes the Privacy Act's procedural requirements apply, *see* Compl. ¶ 28; Opp. 28, but cannot identify a *specific* applicable SORN. The list of *every* active SORN as of 2017, *see id.* at 28 (citing 82 Fed. Reg. 24147-01 (May 25, 2017))—such as the "Annuity Brokers List System," "Clandestine Laboratory Seizure System," and "National DNA Index System"— does not include any that would cover voter lists. Because none applies, DOJ "cannot collect the sensitive, unredacted voting records of millions of [New Jerseyans]." *U.S. v. Weber*, 816 F. Supp. 3d 1168, 1194 (C.D. Cal. 2026). Similarly, the DPPA prohibits the State from disclosing driver license numbers unless an exception applies. 18 U.S.C. § 2721; *accord* N.J. Stat. § 39:2-3.4. DOJ points to the government-function exception, Opp. 31–32, but the stated purpose of its Title III demand is not a proper DOJ function. *See supra* Part II; *see also Weber*, 816 F. Supp. 3d at 1195 & n.35; *Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597, 606 (7th Cir. 2012).

## CONCLUSION

The Court should dismiss the Complaint with prejudice.

Dated: June 30, 2026

Respectfully submitted,
*s/ Omeed Alerasool*

**PEM LAW LLP**
Rajiv D. Parikh (NJ Bar # 032462005)
Julia N. Pudimott (NJ Bar # 435912023)
Devin Q. Cox (NJ Bar # 536762025)
1 Boland Drive, Suite 101
West Orange, NJ 07052
T: (973) 577-5500
rparikh@pemlawfirm.com
jpudimott@pemlawfirm.com
dcox@pemlawfirm.com

**ELIAS LAW GROUP LLP**
Abha Khanna*
Walker McKusick*
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law
wmckusick@elias.law

Omeed Alerasool (NJ Bar # 403712022)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
oalerasool@elias.law

\* Permitted to appear *pro hac vice*

*Counsel for Intervenor-Defendants Make the Road New Jersey,*
*Jamie Y. Ding, and Danielle Litwak*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*s/ Omeed Alerasool*
Omeed Alerasool
