**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br> v. <br><br> DR. DALE G. CALDWELL, in his official capacity as Lieutenant Governor and Secretary of State for the State of New Jersey, *et al.,* <br><br> *Defendants*. | Case No. 3:26-cv-2025 (ZNQ-JTQ) <br><br><br> Motion Day: July 6, 2026 |

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION TO DISMISS OF INTERVENOR-DEFENDANTS THE LEAGUE OF WOMEN VOTERS OF NEW JERSEY, LATINO ACTION NETWORK, AND MAUNGSAI SOMBOON**

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Liza Weisberg
Ezra D. Rosenberg
Jeanne LoCicero
570 Broad Street, 11th Floor
P.O. Box 32159
Newark, NJ 07102
(973) 854-1705
lweisberg@aclu-nj.org
erosenberg@aclu-nj.org
jlocicero@aclu-nj.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Ari J. Savitzky*
Theresa J. Lee*
William Hughes*
Sophia Lin Lakin*
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org
tlee@aclu.org
whughes@aclu.org
slakin@aclu.org

*Counsel for Intervenors-Defendants*

\* Admitted *pro hac vice*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... II

INTRODUCTION ............................................................................................. 1

ARGUMENT .................................................................................................... 1

   I.   DOJ Has Not Complied with the Basis and Purpose Requirement. ................ 1

   II.  The United States Fails to Address the Need for Redaction to Protect Voters' Rights, Including Federal Constitutional Rights. ............................... 4

CONCLUSION .................................................................................................. 5

i

# TABLE OF AUTHORITIES

**CASES**

*Coal. for Open Democracy v. Scanlan*, No. 24-CV-312-SE, 2025 WL 1503937 (D.N.H. May 27, 2025) .................................................................................5

*Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962) ........................................................2

*Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331 (4th Cir. 2012) ..................5

*United States v. Amore*, No. 25-CV-00639, 2026 WL 1040637 (D.R.I. Apr. 17, 2026) .................................................................................................................3

*United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026) .............................................................................................................1, 2

*United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) 2, 3

*United States v. N.C. Bd. of Elections*, No. 5:25-cv-00283 (E.D.N.C. Sept. 8, 2025) ..............................................................................................................2

*United States v. Scanlan*, No. 25-cv-371, 2026 WL 1864054, (D.N.H. June 29, 2026) .................................................................................................................1

*United States v. Schmidt*, No. 25-cv-1481, 026 WL 1850016 (W.D. Pa. June 27, 2026) .............................................................................................................1, 3

*United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026) ...............................................................3

**STATUTES**

52 U.S.C. § 20507(a)(4) .............................................................................................4

52 U.S.C. § 20703 .................................................................................................1, 5

52 U.S.C. § 21085 .......................................................................................................3

**OTHER AUTHORITIES**

Authority to Obtain and Share Voter Roll Data, 50 Op. O.L.C. (May 12, 2026), https://www.justice.gov/olc/media/1440346/dl................................................4

**INTRODUCTION**

The United States strains without success to explain how a statute crafted to protect the rights of voters requires New Jersey to summarily hand over its voters' sensitive personal information to the federal government. The United States has not plausibly pleaded compliance with the basic requirement to set forth in writing "the basis and the purpose" of the Attorney General's demand for New Jersey voters' data, as required for a claim under Title III of the Civil Rights Act ("CRA"). 52 U.S.C. § 20703. Nor does the United States demonstrate why redactions would not be permissible to protect New Jersey voters' privacy and voting rights and prevent the chilling of democratic participation.

In just the past week, three more federal courts, including one in this Circuit, have joined the unanimous chorus in concluding that the United States's CRA claim is legally invalid. *See United States v. Scanlan*, No. 25-cv-371, 2026 WL 1864054 (D.N.H. June 29, 2026); Mem. Op. & Order, *United States v. Schmidt*, No. 25-cv-1481, 2026 WL 1850016 (W.D. Pa. June 27, 2026); *see also United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026). This Court should now do the same.

**ARGUMENT**

**I.    DOJ Has Not Complied with the Basis and Purpose Requirement.**

A Title III demand must be supported by a *factual* basis, not merely a circular assertion that the CRA is the *legal* basis for a CRA request. And the statute

1

requires that the factual basis for the request be set forth in writing. *See* 52 U.S.C. § 20703. The United States's efforts to backfill or bootstrap some valid basis are unavailing. It points to its July 15 Letter (ECF No. 20-3), where it cited benign Election Administration and Voting Survey data and made no mention of the CRA. And it points to its August 14 Letter (ECF No. 20-4), where it generically invoked compliance with the NVRA and HAVA (its purported *purpose*) and cited the CRA, but put forward no factual information, let alone a factual basis for its demand. Neither letter "contains both a statement of the basis along with the purpose of the government's request," as Title III requires. *Benson*, 2026 WL 1815425, at *8; *accord United States v. Galvin*, No. 25-13816, 2026 WL 972129, at *3-*6 (D. Mass. Apr. 9, 2026) ("[S]uggesting that the CRA is satisfied so long as a demand's recipient can infer the basis is contrary to the statute's requirement of a written demand 'contain[ing] a statement of the basis.'"); *see also Kennedy v. Lynd*, 306 F.2d 222, 229 n.6 (5th Cir. 1962) (quoting language from a proper DOJ demand).

The United States next seems to suggest that a consent decree involving North Carolina patches the factual hole in its Title III demand. *See* U.S. MTD Opp. (ECF No. 79) at 10. The consent decree has nothing to do with New Jersey. Consent J. & Order at 4, *United States v. N.C. Bd. of Elections*, No. 5:25-cv-00283 (E.D.N.C. Sept. 8, 2025). Indeed, the allegations of systematic errors in North Carolina's collection of voter data, *see id.* at 2, only highlight the *absence* of any

2

similar factual basis here. The United States cannot demand sensitive voter data to conduct a pure "fishing expedition." *Schmidt*, No. 25-cv-1481, at 3; *United States v. Amore*, No. 25-cv-00639, 2026 WL 1040637, at *6 (D.R.I. Apr. 17, 2026); *Galvin*, 2026 WL 972129, at *3; *United States v. Weber*, 816 F. Supp. 3d 1168, 1184 (C.D. Cal. 2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026).

The United States's arguments regarding the purpose for its CRA demand are similarly contrived and inadequate. The United States maintains that its purpose is to "ascertain [New Jersey's] compliance with the list maintenance requirements of the NVRA and HAVA," Compl. ⁋ 27 (ECF No. 1), but it still has not articulated a plausible reason why it would need the entire, unredacted voter file to do so. If it wants to "confirm" that New Jersey is collecting driver's license numbers or partial Social Security numbers consistent with HAVA, *see* U.S. MTD Opp. at 24, it can take any number of straightforward steps, including looking at the voter registration form, inquiring about voter registration practices, or reviewing a redacted voter file showing whether the relevant fields contain data. It does not need the unredacted contents of the voter file, and it has no authority to second-guess New Jersey's "specific choices on the methods of complying with the requirements of [HAVA]," 52 U.S.C. § 21085. Meanwhile, if it wants to "identify duplicate registration records, registrants who have moved, and registrants who have died or who are otherwise no longer eligible to vote in federal

3

elections," *see* U.S. MTD Opp. at 25, to assess compliance with the NVRA's list maintenance requirements, a static snapshot of the voter file will not serve that function, which, in any event, is tasked to the states. *See* 52 U.S.C. § 20507(a)(4).

Moreover, the United States's asserted purpose, even if it were facially valid, is pretextual. Its intention to build an illegal voter database and to use the database to further immigration and law enforcement policy objectives is not mere "hearsay," U.S. MTD Opp. at 11; it is evident from statements of current and former federal officials, the United States's admissions in court, and even a recent Office of Legal Counsel ("OLC") opinion that the United States cites in its opposition to the motions to dismiss, *see* U.S. MTD Opp. at 3 n.2 (citing Authority to Obtain and Share Voter Roll Data, 50 Op. O.L.C. (May 12, 2026) (slip op. at 1), https://www.justice.gov/olc/media/1440346/dl [hereinafter OLC Op.]). The opinion confirms that DOJ's purposes include investigating whether noncitizens have committed voter fraud. OLC Op. at 4-5. It explains that DOJ asked OLC whether the federal government could "compel states to produce their voter registration lists" and "share such lists with DHS for the purpose of identifying illegal aliens who are ineligible to vote." OLC Op. at 1. The Attorney General has not stated "*the* purpose" of her demand. 52 U.S.C. § 20703 (emphasis added).

## II.    The United States Fails to Address the Need for Redaction to Protect Voters' Rights, Including Federal Constitutional Rights.

Mass disclosure of voters' sensitive personal information would lead to a

chilling effect that would "create[] an intolerable burden on [the constitutional right to vote]." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012) (ensuring redaction of Social Security numbers in voter registration applications disclosed under the NVRA). The United States sidesteps this issue by citing to a case that proves Intervenors' point. It claims that "private parties [have been granted access to] even more detailed voter data than what the United States has requested where necessary to bring actions to enforce federal rights." U.S. MTD Opp. at 26 (citing *Coal. for Open Democracy v. Scanlan*, No. 24-CV-312-SE, 2025 WL 1503937, at *2 (D.N.H. May 27, 2025)). But in *Coalition for Open Democracy v. Scanlan*, the voter list was produced in discovery because it was of central relevance to constitutional litigation over voter registration rules—and the voter list produced *did not* include sensitive information like Social Security numbers and driver's license numbers and was subject to extensive security measures, including air-gapped computers and strict access limits. *See Scanlan* Protective Order at 4, 13-17 (Ex. A); Sched. A to Protective Order at 2-3 (Ex. B). Here, DOJ seeks a trove of personal information subject to no restrictions except its own assurances that it will follow federal privacy rules as it sees fit.

## CONCLUSION

For all these reasons, the United States's case should be dismissed.

Dated: June 30, 2026                                Respectfully submitted,

Ari J. Savitzky*
Theresa J. Lee*
William Hughes*
Sophia Lin Lakin*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org
tlee@aclu.org
whughes@aclu.org
slakin@aclu.org

s/ Liza Weisberg
Liza Weisberg
Ezra D. Rosenberg
Jeanne LoCicero
American Civil Liberties Union
   of New Jersey Foundation
570 Broad Street, 11th Floor
P.O. Box 32159
Newark, NJ 07102
(973) 854-1705
lweisberg@aclu-nj.org
erosenberg@aclu-nj.org
jlocicero@aclu-nj.org

*Counsel for Intervenors-Defendants*

* Admitted *pro hac vice*

6