HANGLEY
ARONCHICK
SEGAL
&PUDLIN
SCHILLER

ATTORNEYS AT LAW / A PROFESSIONAL CORPORATION

1415 Route 70 East
Suite 405
Cherry Hill, NJ  08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA
CHERRY HILL, NJ
PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**

**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

June 30, 2026

**Via ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ  08608

> Re:  ***United States v. Caldwell**, No. 3:26-cv-2025-ZNQ-JTQ*
> **Notice of Supplemental Authority**

Dear Judge Quraishi:

The State writes to advise of two recent decisions, *United States v. Schmidt*, --- F. Supp. 3d ----, 2026 WL 1850016 (W.D. Pa. June 27, 2026); and *United States v. Scanlan*, No. 25-cv-371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026). With these decisions, the United States District Courts for the Western District of Pennsylvania and the District of New Hampshire join 9 other federal district courts across the country, as well as the United States Court of Appeals for the Sixth Circuit, in rejecting DOJ's demands for States' unredacted voter registration lists (VRLs).

## I.   *Schmidt*

*Schmidt* expressly adopts the Sixth Circuit's reasoning in *United States v. Benson*, --- F.4th ----, 2026 WL 1815425 (6th Cir. June 24, 2026). *Schmidt*, 2026 WL 1850016, at *1; *see also* ECF 88 (summarizing the Sixth's Circuit decision). *Schmidt* then highlights two specific bars to the relief DOJ seeks.

First, a State's VRL is not a "record" within the meaning of Title III of the Civil Rights Act of 1960 (CRA) because the VRL is "subject to additions, subtraction and revisions." 2026 WL 1850016, at *2. Indeed, "[t]he NVRA [National Voter Registration Act] and HAVA [Help America Vote Act] *require*" such additions, subtractions, and revisions on a continual basis. *Id.*; *accord Benson*, 2026 WL 1815425, at *5. DOJ's

The Honorable Zahid N. Quraishi
June 30, 2026
Page 2

contrary interpretation "does violence to" Section 302 of the CRA because that "Section makes it a crime to 'alter[]' or 'destroy[]' the 'records'" subject to the CRA. *Schmidt*, 2026 WL 1850016, at *2 (quoting 52 U.S.C. § 20702) (alterations in *Schmidt*).

Second, DOJ's demand for Pennsylvania's unredacted VRL does not "contain 'a statement of the basis and purpose therefore,'" as the CRA requires. *Id.* (quoting 52 U.S.C. § 20703)). The court concludes that DOJ's real basis and purpose for seeking States' unredacted VRLs are different from those it has professed in its demands and briefing. "Public statements from government officials," the court writes, "reveal [DOJ's] intentions: to create a nationwide voter-database, for potential weaponization in future elections; as a 'fishing expedition,' hoped to advance unsubstantiated claims of non-citizen voting; and as a tool for immigration enforcement." *Id.* The court further notes that "concerns regarding widespread voting by non-citizens simply are not borne out by reality." *Id.*

Finally, the court holds that DOJ has brought its CRA claim in the wrong district court, *id.* (citing 52 U.S.C. § 20705), but it declines to transfer the action to the Middle District of Pennsylvania (where the claim should have been filed) because such transfer "would not promote justice" given "the defects suffered by [DOJ's] positions." *Id.* (citing 28 U.S.C. § 1631).[1]

## II.   *Scanlan*

*Scanlan*'s analysis follows similar lines. First, the court holds that New Hampshire's VRL is not "a paper or record subject to the retention and preservation requirements" of 52 U.S.C. § 20701 because that Section "refer[s] only to records that election officials obtain from outside sources—i.e., prospective voters—and not to records that they themselves have created and thus have always possessed." 2026 WL 1864054, at *4. In short, the VRL is not a record that "come[s] into [election officers'] possession." 52 U.S.C. § 20701.

Second, *Scanlan* "bolster[s]" this holding by noting that the CRA "is, after all, a document retention and preservation statute," and it "could produce absurd results" if such a statute—which "implies an obligation not to alter or destroy the covered material"—were applied to a VRL, which "is constantly being revised as election officials add, change, and correct voter data." *Scanlan*, 2026 WL 1864054, at *5.

---

[1] Unlike its one-count CRA Complaint here, which is based solely on the CRA, DOJ's complaint in *Schmidt* asserted three counts under the CRA, the NVRA, and HAVA, respectively. Because DOJ brought its CRA claim "in the wrong place," *Schmidt* dismisses that claim without prejudice. 2026 WL 1850016, at *2. The court dismisses the NVRA and HAVA claims with prejudice. *Id.*

The Honorable Zahid N. Quraishi
June 30, 2026
Page 3

Third, the court holds that "the plain text of § 20703 requires a statement of factual basis distinct from a statement of purpose," and that DOJ's applicable letter to the New Hampshire Secretary of State "contains no statement of factual basis whatsoever," rendering it "facially invalid under § 20703." *Id.* at *8.

Finally, *Scanlan* rejects several arguments that DOJ also advances in the present case—for example, that 8 U.S.C. § 1445(a) supports its interpretation of "come into ... possession," and that the statutory phrase has a "purely temporal" meaning. *Id.* at *5–6.[2]

                              *       *       *

Here, the State has raised and fully briefed each of the merits issues discussed by *Schmidt* and *Scanlan*. *See* ECF 50-1, at 15–18 (the State's VRL is not a record "which come[s] into [election officers'] possession"); *id.* at 18–19 (the VRL is outside the scope of the CRA because the VRL is a record that must necessarily be altered); *id.* at 24–38 (DOJ neither stated the basis and the purpose for its demand, nor identified a legitimate purpose); ECF 82, at 4–16. Thus, both *Schmidt*—the first decision on these issues from a court in this Circuit—and *Scanlan* provide yet more confirmation that DOJ is not entitled to New Jersey's VRL under Title III of the CRA.

                    Respectfully,

                    Robert A. Wiygul

cc:   Counsel of Record (via ECF)

---

[2] As in *Schmidt*, and unlike in the present case, DOJ also brought a claim under HAVA. *Scanlan* dismisses that claim as well, noting that DOJ had "waived the claim." *Id.* at *8. In the alternative, the court would have dismissed the claim anyway, concluding that DOJ did not provide "a sufficient factual basis to make out a claim that New Hampshire has substantively violated HAVA." *Id.* at *10.