

1415 Route 70 East
Suite 405
Cherry Hill, NJ  08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA
CHERRY HILL, NJ
PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**


**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

July 15, 2026


<u>**Via ECF**</u>

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ  08608

> Re:   ***United States v. Caldwell***, **No. 3:26-cv-2025-ZNQ-JTQ**
>        **Notice of Supplemental Authority**

Dear Judge Quraishi:

The State advises of two additional recent decisions, *United States v. Board of Elections of New York*, No. 25-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026) ("*New York*"); and *United States v. Warner*, No. 26-156, 2026 WL 2018877 (S.D. W. Va. July 13, 2026), that address the issues presented in this case. With these decisions, the United States District Courts for the Northern District of New York and the Southern District of West Virginia become, respectively, the twelfth and thirteenth federal district courts, along with the United States Court of Appeals for the Sixth Circuit in *United States v. Benson*, --- F.4th ----, 2026 WL 1815425 (6th Cir. June 24, 2026), to reject DOJ's demand for a State's unredacted voter registration list (VRL). "No court has ruled in favor of the United States to date." *Warner*, 2026 WL 2018877, at *1 n.1.

## I.    *New York*

*New York* begins by rejecting DOJ's assertion (also advanced in the present case) that Title III of the Civil Rights Act of 1960 (CRA) entitles it to "a special statutory proceeding" that restricts the court to "a severely limited inquiry." 2026 WL 1999921, at *5 (internal quotation marks omitted). The court holds that the CRA's text does not support DOJ's position, and it cites *United States v. Powell*, 379 U.S. 48 (1964)—which, the court explains, involved a "similar" statute—for the proposition that, absent

The Honorable Zahid N. Quraishi
July 15, 2026
Page 2

statutory prescription of a specific alternative procedure, the Federal Rules of Civil Procedure apply. *New York,* 2026 WL 1999921, at *6.

The court then turns to the merits. Citing, among other cases, *United States v. DeMarinis*, No. 25-3934, 2026 WL 1780586 (D. Md. June 18, 2026), and *United States v. Benson*, 819 F. Supp. 3d 753 (W.D. Mich. 2026), *aff'd*, --- F.4th ----, 2026 WL 1815425 (6th Cir. June 24, 2026), the court holds that a VRL does not come within the scope of the CRA "because it is created by state officials and, therefore, does not come into their possession." *New York,* 2026 WL 1999921, at *9 (citation modified). The court interprets the phrase "come into [election officers'] possession," 52 U.S.C. § 20701, "as referring to only those documents that state election officials receive from prospective voters," 2026 WL 1999921, at *9 (quoting *Benson*, 819 F. Supp. 3d at  768). To hold otherwise, the court observes, would render the phrase "surplusage." *Id.*

Moreover, interpreting § 20701 to encompass VRLs "would not be harmonious with ... 52 U.S.C. § 20702, and would place Title III in conflict with the NVRA [National Voter Registration Act] and HAVA [Help America Vote Act]." *Id.* Section 20702 "prohibits ... the alteration of any § 20701 document," but a VRL "is a dynamic list that is constantly updated and, thus, altered." *Id.* (citation modified). Indeed, the NVRA and HAVA "affirmatively require states to modify their voter registration lists under certain conditions." *Id.* (citation modified). Thus, to interpret the CRA to encompass VRLs would lead to "an absurd result." *Id.*

The court also rejects several of the counter-arguments DOJ advances here. For example, DOJ referred to a 2006 consent judgment with Georgia and a 2008 Memorandum of Understanding with Texas as examples of States turning over their VRLs. *Id.* at *10; *see also* ECF 20, at 18 (referring to these cases); ECF 79, at 11 (same). Yet those agreements, *New York* notes, have no bearing on the present case: neither Georgia nor Texas is a party, "[a]nd, of course, the mere fact that other states agreed to provide their voter registration lists two decades ago is entirely irrelevant to a statutory interpretation of" the CRA. 2026 WL 1999921, at *10.

Finally, although it does not rely on this ground, the court also observes that DOJ had "state[d] no basis" for its demand, and its "purported purpose of ascertaining New York's compliance with the list maintenance requirements of the NVRA and HAVA lacks any relation to the purposes for which Title III was enacted." *Id.* at *8 (citation modified).[1]

---

[1] Unlike its one-count Complaint here, which is based solely on the CRA, DOJ's complaint in *New York* asserted claims under the NVRA and HAVA as well as the CRA. The court dismisses these claims also. As to the NVRA claim, the court holds that New York's VRL is not a record for purposes of the NVRA's public-inspection provision, 52 U.S.C.A. § 20507(i). *New York,* 2026 WL 1999921, at *11–13. As to the HAVA claim, the

footnote cont'd on next page

The Honorable Zahid N. Quraishi
July 15, 2026
Page 3

## II.    *Warner*

The *Warner* court reaches the same result, on two principal grounds. First, like *New York*, the court rejects DOJ's argument that it is entitled "to a 'special statutory proceeding' … under which the Court plays a 'limited' role." *Warner*, 2026 WL 2018877, at *2 (citing *Powell*, 379 U.S. at 58 n.18; Fed. R. Civ. P. 81(a)(5)). *Warner* holds that the Federal Rules of Civil Procedure apply to DOJ's lawsuit invoking the CRA. *Id.*

Second, *Warner* holds that DOJ neither stated a sufficient basis nor provided a valid purpose for its demand of West Virginia's unredacted VRL. *Id.* at *4–8. The CRA's text requires both: "The statute commands that the written demand '*shall* contain a statement of the *basis and the purpose therefor*.'" *Id.* at *3 (quoting 52 U.S.C. § 20703). The court notes that DOJ's CRA demand to West Virginia did "not use the word 'basis,' or provide any equivalent explanation supporting the necessity of the records requests." *Id.* at *4. *Warner* rejects DOJ's argument that "the CRA itself" provides a sufficient basis. *Id.* "[T]he 'basis' contemplated by Title III is a factual, not legal basis." *Id.* at *5. And DOJ simply had not provided a factual basis for its demand. *Id.*

Likewise, DOJ's purported purpose—"to ascertain West Virginia's compliance with the list maintenance requirements of the NVRA and HAVA"—was inadequate. *Id.* at *6. Following *United States v. Oregon*, --- F. Supp. 3d ----, 2026 WL 318402 (D. Or. Feb. 5, 2026), *Warner* holds that "the 'purpose' required in a demand for records under Title III must relate to a purpose of investigating violations of individuals' voting rights." 2026 WL 2018877, at *7 (quoting *Oregon*, 2026 WL 318402, at *10). By contrast, DOJ's "only apparent motivation to assess list maintenance compliance involves generalized nationwide concerns that voter registration records may contain too many names." *Id.*

Further, even if investigating NVRA and HAVA compliance *were* valid purposes under the CRA, DOJ failed to "provide any reasonable explanation for why obtaining highly sensitive voter data serves those purposes." *Id.* "[N]either [the NVRA nor HAVA]," *Warner* observes, "contemplates 'the line-by-line audit of each state's computerized SVRL by the federal government to assess compliance with [the statute's] provisions.'" *Id.* (quoting *United States v. Bellows*, --- F. Supp. 3d ----, 2026 WL 1430481, at *8 (D. Me. May 21, 2026)).

\*       \*       \*

The State in the present case has raised and fully briefed each of the issues discussed in *New York* and *Warner*. *See* ECF 50-1, at 15–18 (the State's VRL is not a record "which come[s] into [election officers'] possession"); *id.* at 18–19 (the VRL is outside the scope of the CRA because the VRL is a record that must necessarily be

---

court observes that DOJ did "not allege New York actually violated any of HAVA's substantive provisions." *Id.* at *14.

The Honorable Zahid N. Quraishi
July 15, 2026
Page 4

altered); *id.* at 24–38 (DOJ stated neither the basis nor the purpose for its demand, and it had not identified a legitimate purpose); *id.* at 49–55 (the Federal Rules of Civil Procedure apply to DOJ's demand); ECF 82, at 2–16. These two decisions, in short, provide still more confirmation that the CRA does not entitle DOJ to New Jersey's unredacted VRL.

Respectfully,

Robert A. Wiygul

cc:   Counsel of Record (via ECF)