

1415 Route 70 East
Suite 405
Cherry Hill, NJ  08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA

CHERRY HILL, NJ

PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**

**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

July 22, 2026

**<u>Via ECF</u>**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ  08608

> Re:     ***United States v. Caldwell*, No. 3:26-cv-2025-ZNQ-JTQ**
> **Notice of Supplemental Authority**

Dear Judge Quraishi:

The State advises of three additional recent decisions, *United States v. Thomas*, No. 26-21, 2026 WL 2070437 (D. Conn. July 17, 2026); *United States v. Koski*, No. 26-42, 2026 WL 2032532 (E.D. Va. July 14, 2026); and *United States v. Oliver*, No. 25-1193, 2026 WL 2031479 (D.N.M. July 14, 2026), that address the issues presented in this case. With these decisions, sixteen federal district courts—along with the United States Court of Appeals for the Sixth Circuit in *United States v. Benson*, --- F.4th ----, 2026 WL 1815425 (6th Cir. June 24, 2026)—have now rejected DOJ's demand for a State's unredacted voter registration list (VRL) pursuant to Title III of the Civil Rights Act of 1960 (CRA).

## I.     *Thomas*

On two grounds, *Thomas* holds that Connecticut's VRL "does not fall within the scope of Title III." 2026 WL 2070437, at *3. First, *Thomas* holds that the VRL "is a record created by the state" and, therefore, "is not a record that comes into the state's possession at all." *Id.* at *5 (quoting *Benson*, 179 F.4th at 479); *see also* 52 U.S.C. § 20701 ("Every officer of election shall retain and preserve ... all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election ....").

The Honorable Zahid N. Quraishi
July 22, 2026
Page 2

Second, *Thomas* holds that the VRL does not come within the scope of the CRA because, "[u]navoidably and of necessity," in order to comply with the National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA), Connecticut must "constantly" alter its VRL "as information is updated; voters are added; voters are removed; addresses changed; or any of the thousands of datapoints contained in the [VRL] otherwise require modification." *Id.* at *6. The CRA, by contrast, "provides criminal penalties for 'any person who … alters' a record subject to the preservation and retention obligations contained in Section 20701." *Id.* (quoting 52 U.S.C. § 20702) (alteration in original). Accordingly, "the fact that [the VRL] is constantly being updated demonstrates conclusively that it does not fall within the scope of the preservation mandate contained in Title III." *Id.* at *5.

## II.    *Koski*

On these same two grounds—and likewise citing the Sixth Circuit's decision in *Benson*—*Koski* holds that Virginia's VRL "is not a record subject to production under Title III of the CRA." 2026 WL 2032532, at *4–5.

The court also rejects several counter-arguments advanced by DOJ. These include DOJ's contention that "an agency record can be both created by the agency and have come into the agency's possession because coming into possession of material refers to *when*, not how, the possession began." *Id.* at *6 (internal quotation marks omitted). This argument, *Koski* points out, relies on a case arising under the Freedom of Information Act (FOIA), and FOIA does not use "the 'come into … possession' language employed in the relevant CRA provision here." *Id.*

## III.    *Oliver*

*Oliver* rejects DOJ's demand for New Mexico's unredacted VRL on three grounds. First, in response to DOJ's assertion that it is entitled to a "special statutory proceeding" under the CRA, the court follows "[e]very other district court that addressed this argument" and "applie[s] the Federal Rules of Civil Procedure." 2026 WL 2031479, at *6–7. "Nothing about the DOJ's suit," the court writes, "indicates those Rules should be displaced. By submitting a traditional civil complaint and motion to compel—rather than an administrative subpoena, for instance—the DOJ voluntarily invoked the jurisdiction of the federal courts and began the usual litigation process." *Id.* at *7.

Second, *Oliver* holds that DOJ's September 8, 2025 "Demand Letter" to New Mexico's Secretary of State had to "contain a statement of the basis and the purpose" for DOJ's demand, as required by 52 U.S.C. § 20703. *Id.* at *9. "Subsequent forms, court filings, or 'a curing elaboration letter' cannot retrospectively supplement the DOJ's September 8, 2025, correspondence." *Id.* (citing *United States v. Galvin*, --- F. Supp. 3d ----, 2026 WL 972129, at *3 (D. Mass. Apr. 9, 2026); and *United States v. Oregon*, --- F. Supp. 3d ----, 2026 WL 318402, at *9 (D. Or. Feb. 5, 2026)).

The Honorable Zahid N. Quraishi
July 22, 2026
Page 3

Third, the Demand Letter "fails because" it had to state both a basis and a purpose for DOJ's demand, and "it altogether lacks an identifiable 'basis.'" *Id.* at *10. "Nowhere," the court writes, "does the DOJ articulate any factual suggestion that New Mexico has violated the NVRA or HAVA, indicate the State has a pattern or practice of noncompliance with the same, nor does it explain how the unredacted [personally identifiable information] is necessary to evaluate compliance with the NVRA and HAVA." *Id.*

*    *    *

The State in the present case has raised and fully briefed each of the issues discussed in *Thomas*, *Koski*, and *Oliver*. *See* ECF 50-1, at 15–18 (the State's VRL is not a record "which come[s] into [election officers'] possession"); *id.* at 18–19 (the VRL is outside the scope of the CRA because the VRL is a record that must necessarily be altered); *id.* at 24–38 (DOJ stated neither the basis nor the purpose for its demand, and it had not identified a legitimate purpose); *id.* at 49–55 (the Federal Rules of Civil Procedure apply to DOJ's demand); ECF 82, at 2–16. These decisions provide further confirmation that the CRA does not entitle DOJ to New Jersey's unredacted VRL.

Respectfully,

Robert A. Wiygul

cc:   Counsel of Record (via ECF)