

1415 Route 70 East
Suite 405
Cherry Hill, NJ 08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA

CHERRY HILL, NJ

PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**

**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

July 24, 2026

**Via ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ 08608

> Re:     ***United States v. Caldwell***, **No. 3:26-cv-2025-ZNQ-JTQ**
> **Notice of Supplemental Authority**

Dear Judge Quraishi:

The State advises that a seventeenth federal district court has now dismissed an action presenting the same issues as the present case. In *United States v. Adams*, --- F. Supp. 3d ----, 2026 WL 2123871 (E.D. Ky. July 23, 2026), the United States District Court for the Eastern District of Kentucky, following the decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Benson*, 179 F.4th 470 (6th Cir. 2026), rejects DOJ's demand for Kentucky's unredacted voter registration list (VRL) pursuant to Title III of the Civil Rights Act of 1960 (CRA).

The decision in *Adams* rests on three grounds. First, in accordance with *United States v. Powell*, 379 U.S. 48 (1964), "and every other district court that has considered th[e] issue," the court rejects DOJ's argument that the Federal Rules of Civil Procedure do not apply to its demand under the CRA. 2026 WL 2123871, at *3. As *Adams* explains, "[t]here is no provision in the Civil Rights Act, nor this Court's Local Rules that precludes application of the Federal Rules of Civil Procedure to this action, nor has the Court entered any order to that effect." *Id.* (citing Fed. R. Civ. P. 81(a)(5)).

Second, turning to the merits, *Adams* holds that Kentucky's VRL is not a record that "come[s] into [the] possession" of election officials. *Id.* at *4–5; *see also* 52 U.S.C. § 20701 ("Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any [federal election], all records and papers which come into

The Honorable Zahid N. Quraishi
July 24, 2026
Page 2

his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election ….”). The court’s reasoning generally follows *Benson*, which is binding authority in the Eastern District of Kentucky. *See* 2026 WL 2123871, at *4–5; *see also* ECF 88 (summarizing *Benson*).

Third, *Adams* holds, as “an independent reason” for dismissal, that DOJ’s three letters to Kentucky election officials do not make “a written demand that contains both the basis and purpose for the request.” 2026 WL 2123871, at *5–6; *see also* 52 U.S.C. § 20703 (providing that any demand by the Attorney General for the records described in § 20701 “shall contain a statement of the basis and the purpose therefor”). Here too, the court follows *Benson*, noting that DOJ’s three letters to Kentucky officials “appear nearly identical to those sent to [Michigan Secretary of State] Jocelyn Benson.” *Id.* at *5.

The State in the present case has raised and fully briefed each of the issues addressed in *Adams*. *See* ECF 50-1, at 15–18 (the State’s VRL is not a record “which come[s] into [election officers’] possession”); *id.* at 24–38 (DOJ stated neither the basis nor the purpose for its demand, and it did not identify a legitimate purpose); *id.* at 49–55 (the Federal Rules of Civil Procedure apply to DOJ’s demand); ECF 82, at 2–4, 6–16. Accordingly, *Adams* provides further support for the State’s position here: DOJ’s demand for New Jersey’s entire, unredacted VRL fails as a matter of law.

Respectfully,

Robert A. Wiygul

cc:   Counsel of Record (via ECF)