

1415 Route 70 East
Suite 405
Cherry Hill, NJ  08034
856.616.2170/facsimile

www.hangley.com

PHILADELPHIA, PA

CHERRY HILL, NJ

PLYMOUTH MEETING, PA

**Jason A. Levine**
**Managing New Jersey Attorney**


**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**


July 27, 2026


<u>**Via ECF**</u>

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ  08608

Re:    ***United States v. Caldwell*, No. 3:26-cv-2025-ZNQ-JTQ**
       **State's Response to Plaintiff's Notice of Additional Basis**

Dear Judge Quraishi:

On July 21, 2026, DOJ filed a "Notice of Additional Basis" (ECF 100), attaching a letter that DOJ sent to the State the same day. In the letter, DOJ purports to identify "an additional basis" for its August 14, 2025 demand, under the Civil Rights Act of 1960 (CRA), for an unredacted electronic copy of New Jersey's complete voter registration list (VRL). To the extent any response to the Notice is needed, the State notes that the Notice has no bearing on the Court's resolution of the State's motion to dismiss (ECF 50) and DOJ's motion to compel (ECF 20).

First, as explained by decisions dismissing parallel DOJ lawsuits against other States, DOJ "cannot retrospectively supplement" its August 14, 2025 CRA demand with subsequent correspondence or court filings. *United States v. Oliver*, No. 25-1193, 2026 WL 2031479, at *9 (D.N.M. July 14, 2026); *see also United States v. Galvin*, --- F. Supp. 3d ----, 2026 WL 972129, at *3 (D. Mass. Apr. 9, 2026) (same); *United States v. Oregon*, 828 F. Supp. 3d 1092, 1104 (D. Or. 2026) (same).

Second, even if DOJ could "retrospectively supplement" its August 14, 2025 demand—which failed to state any basis whatsoever, *see* ECF 50-1, at 26–30—its CRA demand would remain legally deficient for multiple independent reasons. These reasons include: (1) a State's VRL is not a record within the scope of the CRA; (2) DOJ's demand fails to identify a proper purpose, or DOJ's actual purpose; (3) federal law does not

The Honorable Zahid N. Quraishi
July 27, 2026
Page 2

entitle DOJ to the personally identifiable information of millions of voters, which is protected by New Jersey privacy laws; and (4) DOJ's demand is also barred by multiple federal privacy laws, including the Privacy Act, E-Government Act, and Driver's Privacy Protection Act. *See* ECF 50-1, 82, 86, 88, 92, 97, 101, 104. So it is unsurprising that seventeen federal district courts and the Sixth Circuit have unanimously dismissed (or affirmed dismissal of) DOJ's parallel VRL lawsuits against other States. *See* ECF 104. DOJ's Notice therefore fails to rehabilitate its fatally defective CRA claim or provide any reason to depart from this growing wall of precedent.

    The Court should grant the State's motion to dismiss and deny DOJ's motion to compel.

                        Respectfully,

                        Robert A. Wiygul

cc:   Counsel of Record (via ECF)