U.S. **Department of Justice**

Civil Rights Division

_____

*Voting Section - 4CON*
*150 M St, NE*
*Washington, DC  20002*

July 28, 2026

**VIA ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ 08608

> RE:    **United States v. Caldwell, No. 3:26-cv-2025-ZNQ-JTQ**
>        **Reply to Defendant's Response to Notice of Additional Basis**

Dear Judge Quraishi:

The United States writes to you in reply to Lt. Governor Caldwell's Response (ECF 105) to Plaintiff's Notice of Additional Basis (ECF 100).

On July 21, 2026, the United States filed a Notice of Additional Basis (ECF 100), noting that the admission by the governor of New Jersey, speaking in her capacity as the chief executive of the state, that there were 6,600 noncitizens on the Statewide Voter Registration List (SVRL) and that 400 of them voted in previous elections provides an additional uncontroverted basis for the Attorney General's demand, under Title III of the Civil Rights Act of 1960, for New Jersey's SVRL. The state cannot simultaneously admit that hundreds of federal crimes have been committed by noncitizen voters who appeared on New Jersey's voter rolls and deny that the Attorney General has a basis to investigate proper maintenance of those rolls under the Help America Vote Act (HAVA) and the National Voter Registration Act (NVRA). The State filed a Response (ECF 105), arguing that this Notice of Additional Basis has no bearing on the issues before the court. The Response makes two points.

First, the Response argues that "DOJ 'cannot retrospectively supplement' its . . . demand with subsequent correspondence or court filings." ECF 105 at 1. The United States is not attempting to "retrospectively supplement" its demand. The Attorney General's demand was made in a series of letters from the Attorney General's designee to New Jersey's chief election official. In the letter dated July 15, 2025, the Attorney General asked for a copy of New Jersey's unredacted SVRL, made clear that the demand was made for purposes of enforcing the NVRA, and detailed deficiencies in New Jersey's responses to the Election Assistance Commission's 2024 Election Administration and Voting Survey. If the SVRL had been supplied, we now know that it would have demonstrated the presence of thousands of noncitizen voters. The factual basis stated in this letter was more than sufficient to satisfy Title III. *See Kennedy v. Lynd*, 306 F.2d 222, 229 n. 6 (5th Cir. 1962). But where, as is true here, litigation is underway regarding a Title III demand, and where the governor of the state admits that the state has failed in its obligation to conduct

reasonable list maintenance and limit the SVRL to eligible voters under the NVRA and HAVA, it makes sense for the Attorney General to inform the custodian of records and the court of that new factual basis. In effect, the demand is augmented based on the new facts, and if the custodian of records continues to oppose the demand, then the new facts become relevant in the proceedings to enforce the demand. It would serve no purpose to require the filing of new Title III enforcement proceedings, based on the new demand, when such proceedings are already pending.

Second, the Response argues that irrespective of the new facts that have come to light, defendants should still prevail in this case based on all the other arguments they have raised. Those other arguments lack merit for reasons the United States has addressed elsewhere.

Respectfully,

Christopher J. Gardner

cc: Counsel of Record (via ECF)